## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NEC Corporation,** | |
| Plaintiff, | |
| | Civil Action No. 22-cv-986 |
| v. | |
| | **TRIAL BY JURY DEMANDED** |
| **Our Body Electric, Inc.** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | |
| | Civil Action No. 22-cv-987 |
| v. | |
| | **TRIAL BY JURY DEMANDED** |
| **Peloton Interactive, Inc.,** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | |
| | Civil Action No. 22-cv-988 |
| v. | |
| | **TRIAL BY JURY DEMANDED** |
| **Tone It Up, Inc.,** | |
| Defendant. | |

## LETTER TO HONORABLE JUDGE BURKE FROM CORTLAN S. HITCH RE PROPOSED SCHEDULING ORDER

February 24, 2023

*VIA CM/ECF FILING*
Magistrate Judge Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28
Room 2325
Wilmington, DE 19801-3555

**Re:     NEC Corporation v. Our Body Electric, Inc., Civil Action No. 22-cv-986 (D. Del.)**
**NEC Corporation v. Peloton Interactive, Inc., Civil Action No. 22-cv-987 (D. Del.)**
**NEC Corporation v. Tone It Up, Inc., Civil Action No. 22-cv-988 (D. Del.)**

Dear Judge Burke:

Pursuant to the Court's Oral Order entered in the above-referenced cases on January 25, 2023, Plaintiff NEC Corporation ("NEC") and Defendants Our Body Electric, Inc. ("OBE"), Peloton Interactive, Inc. ("Peloton"), and Tone It Up, Inc. ("TIU") (collectively, "Defendants") participated in meet and confers on February 20 and 23, 2023 and jointly report to the Court as follows.

**(a) Case Description**

NEC filed these cases on July 28, 2022, asserting patent infringement of certain claims of U.S. Patent No. 8,752,101 ("'101 Patent"), U.S. Patent No. 8,909,809 ("'809 Patent"), and U.S. Patent No. 9,769,427 ("'427 Patent") against OBE and Peloton, and of the '101 Patent and the '809 Patent against TIU. All three patents concern multimedia content delivery systems, but did not issue from a common patent application or a familial relationship. NEC alleges, inter alia, that Defendants infringe the respective asserted patents by offering content streaming services and/or manufacturing and/or selling products that use such content streaming services. NEC asserts direct, indirect, and willful infringement claims against Defendants.  Defendants deny these allegations and assert the patents are invalid.  Each Defendant filed a motion to dismiss NEC's First Amended Complaint on various grounds. The motions are fully briefed and pending before the Court.

**(b) Scheduling Order**

As reported above, the parties participated in meet and confers on February 20 and 23, 2023 and exchanged multiple proposals for the Proposed Scheduling Order, but were unable to reach full agreement. Specifically, parties were unable to reach agreement on the following issues:

(1) Timing of Disclosure of License Agreements

Plaintiff has agreed to produce license or settlement agreements that specifically identify any patent-in-suit as soon as a Protective Order is entered, with no separate order from the Court. Plaintiff also agrees to produce any additional potentially relevant license agreements (such as

portfolio license agreements) that do not specifically identify a patent-in-suit by May 30, 2023. Plaintiff will use this additional time to identify additional potentially relevant licenses and resolve third party confidentiality issues.  Defendants enunciated no reason during the parties' meet and confers for why this staggered approach should present any issues.

Defendants disagree. The Court's form Scheduling Order does not distinguish between licenses which specifically identify a patent-in-suit and portfolio licenses which include the patents-in-suit. Defendants attempted to compromise with Plaintiff by delaying this disclosure until March 30, 2023. Plaintiff has not articulated why the Court's standard provision is insufficient or Defendants' proposed deadlines are unmanageable.  Plaintiff's "best efforts" clause introduces ambiguity and is unnecessary in light of the Court's standard provision permitting the issuance of an Order requiring production.

The parties included their respective proposals in the proposed Scheduling Order, ¶6.a.

(2) Availability of Remote Depositions

Plaintiff believes that the parties should consider the use of remote deposition means (such as Zoom) on a case by case basis and in good faith based on specific witness circumstances.  Such Zoom depositions have become relatively commonplace since COVID. Specifically, Plaintiff believes that providing such an option may alleviate burden for and increase access to witnesses under certain circumstances. As such, Plaintiff has included an additional sentence at the end of ¶7.e.ii in the proposed Scheduling Order, which Defendants oppose.

Defendants disagree with the necessity of including this provision in the Court's Scheduling Order.  Nothing prevents the parties from mutually agreeing to conduct certain depositions via Zoom.  *See* Fed. R. Civ. P. 30(b)(4).  Defendants anticipate that certain party-witness depositions may include testimony from individuals requiring foreign language translation, which introduces logistical challenges with an examining attorney, testifying witness, translator, and check translator all having speaking roles.  Accordingly, Defendants prefer for the Court's general rule to apply in the absence of mutual agreement and/or Court order.

(3) Whether All Defendants Should Have to Engage in Pretrial Activities According to the Proposed Case Schedule

Plaintiff proposes an overall case schedule that is applicable to all parties in all three cases identified above, with the schedule culminating in a first trial for one of the defendants (with second and third trials to follow based on the Court's schedule).  Defendants take the position that only one Defendant should engage in pretrial activity, including dispositive motions and *Daubert* motions.  Plaintiff disagrees because all Defendants should be in a position to be trial ready as of the first trial date, particularly in the event that one of the cases resolves, such that the second to trial Defendant could then go first, as appropriate.

Defendants propose using the Interim Status Report and subsequent Status Conference to discuss the timing and order of each individual trial prior to summary judgment briefing to avoid burdening both the parties and the Court with numerous summary judgment and pre-trial submissions that may become fully or partially moot. Plaintiff's desire to hold defendants not

participating in the first trial "in reserve" is not a sufficient reason to significantly burden party and court resources in this manner.

(4) Overall Case Schedule

Despite having made good-faith efforts, the parties were unable to reach an agreement on the entirety of the case schedule. The parties include their respective proposals in the table appended to the end of the proposed Scheduling Order.

Plaintiff's proposed schedule seeks a trial date approximately 22 months from now. These cases have already been pending for seven months, and Plaintiff seeks to move the cases forward.

Defendants' proposed schedule sets the first trial to occur roughly 24 months after the Rule 16 Scheduling Conference. Additionally, Defendants' proposed deadlines take into consideration the unrelated nature of the asserted patents and the necessity of coordinating on joint submissions (such as responsive claim construction briefing), and to further allow for trial sequencing at the conclusion of expert reports.

**(c) <u>Three Most Significant Topics from the Checklist</u>**

The parties met and conferred on February 20 and 23, 2023 and discussed each item on the checklist. The parties bring the following topics to the Court's attention, other than those related to the Scheduling Order as reported above.

First, Defendants are three unrelated entities with separate (and competitive) products. Although Defendants intend to coordinate on common issues, it may be necessary to approach the Court concerning additional briefing limits to address non-common issues.

Second, the parties anticipate that certain discovery relating to the technological functionality of the accused devices or services is likely to require the production of third-party technical information, including source code.

Finally, Defendants anticipate that discovery might involve persons or entities residing outside the United States. Although Plaintiff has agreed to present witnesses under its direction and control in the United States, if letters rogatory or other mechanisms for discovery outside the United States becomes necessary, the parties would greatly appreciate the Court's assistance.

The parties agree to work in good faith to avoid disputes regarding the checklist items.

\*\*\*

We appreciate the Court's assistance in this matter. If the Court needs any additional information from the parties, please let us know.

Respectfully,

*/s/ Cortlan S. Hitch*

Cortlan S. Hitch (#6720)
chitch@morrisjames.com

cc: All counsel of record (via CM/ECF and electronic mail)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **NEC Corporation,** | |
| Plaintiff, | Civil Action No. 22-cv-986 |
| v. | **TRIAL BY JURY DEMANDED** |
| **Our Body Electric, Inc.** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | Civil Action No. 22-cv-987 |
| v. | **TRIAL BY JURY DEMANDED** |
| **Peloton Interactive, Inc.,** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | Civil Action No. 22-cv-988 |
| v. | **TRIAL BY JURY DEMANDED** |
| **Tone It Up, Inc.,** | |
| Defendant. | |

**[PROPOSED] SCHEDULING ORDER**

This _____ day of _____, 202__, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on _____, 202__, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      **Rule 26(a)(1) Initial Disclosures and E-Discovery**.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **March 6, 2023.**  The parties are in the process of negotiating an e-discovery agreement and will attempt to reach agreement on a proposed form of order and file it with the Court on or before **March 20, 2023.**

2.      **Joinder of Other Parties and Amendment of Pleadings**.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **August   30, 2023.**

3.      **Application to Court for Protective Order**.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court on or before **March 20, 2023.**  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      **Papers Filed Under Seal**.  When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means.  A redacted version

of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6. **Disclosures**. Absent agreement among the parties, and approval of the Court:

a. **THE PARTIES SUBMIT THE FOLLOWING COMPETING PROPOSALS FOR THIS PARAGRAPH:**

**PLAINTIFF'S PROPOSAL:** If one or more of the patents-in-suit have already been specifically identified in a license or settlement agreement, Plaintiff shall provide those licenses and/or settlement agreements to Defendant no later than March 30, 2023. Plaintiff will make best efforts to produce any other potentially

relevant license or settlement agreements, subject to resolving potential third-party confidentiality issues, by May 30, 2023.   Plaintiff will comply with this requirement.

**DEFENDANTS' PROPOSAL:** If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either: (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than March 30, 2023, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than March 20, 2023. Plaintiff shall comply with this requirement.

b.      By **[Plaintiff: March 16, 2023 / Defendants: March 27, 2023]** Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

c.      By **[Plaintiff: March 30, 2023 / Defendants: May 11, 2023]** Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall produce sales figures for the accused product(s).

d.      By **[Plaintiff: April 27, 2023 / Defendants: June 26, 2023]** Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

e.    By **[Plaintiff: May 25, 2023 / Defendants: August 10, 2023]** Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

f.    By **[Plaintiff: February 1, 2024 / Defendants: May 8, 2024]** Plaintiff shall provide final infringement contentions.

g.    By **[Plaintiff: February 1, 2024 / Defendants: May 22, 2024]** Defendant shall provide final invalidity contentions.

h.    The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations.    The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction.

7.    **Discovery**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.  With the exception of the deadlines set forth in this Scheduling Order, the discovery limitations set forth in this Paragraph 7 may be modified upon agreement by the parties or upon showing of good cause by order of the Court.

a.    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **[Plaintiff: March 22, 2024 / Defendants: June 12, 2024]**.

b.    <u>Document Production</u>.    Document production shall be substantially complete by **January 23, 2024**.

c.    <u>Requests for Admission</u>.  A maximum of 25 requests for admission are permitted for each side, excluding requests for authenticity and other admissibility issues (for which there will be no limit).  Excessive requests for admission relating to authenticity and other

admissibility issues shall be subject an objection that such requests place an undue burden on the responding party.

      d.    <u>Interrogatories</u>.

         i.    Plaintiff may serve a maximum of five (5) interrogatories common to all defendants and twenty (20) individual interrogatories on each individual Defendant. Defendants may collectively serve five (5) interrogatories on Plaintiff and each individual Defendant may serve twenty (20) individual interrogatories on Plaintiff.

         ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      e.    <u>Depositions</u>.

         i.    <u>Limitation on Hours for Deposition Discovery</u>. Each party in each respective case is limited to a total of 70 hours of taking testimony by deposition upon oral examination (to exceed no more than 15 depositions in total). To the extent Plaintiff takes testimony of third-party witnesses, and Plaintiff intends to use such testimony in more than one of the above-captioned cases, the time spent associated with such testimony shall apply to Plaintiff's 70-hour and 15-deposition limit in each case, and not just the case in which the deposition was noticed or subpoenaed. Similarly, to the extent that any Defendant takes testimony of third-party witnesses, and another Defendant intends to use such testimony in its own case, the time spent associated with such testimony shall apply to each Defendant's 70-hour and 15-deposition limit, and not just the case in which the deposition was noticed or subpoenaed. For the depositions of

Plaintiff and the named inventors of the patents-in-suit, Defendants agree to make a good faith effort to attempt to limit duplicative depositions of Plaintiff's witnesses, including inventors, on overlapping issues to ensure the witnesses will be deposed once, while also providing adequate time to address both overlapping and non-overlapping issues.  Deposition time on overlapping issues will be counted against the total deposition time for each Defendant.

    ii. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily present its witness for deposition at a place located in the United States of America.  To the extent the parties cannot agree to a location for deposition, any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must be required, upon request, to submit to a deposition at a place designated within this district.  Furthermore, a party is obligated to present witnesses under its direction and control for deposition at a place located in the United States of America if a party plans to present such witness for in-person testimony at trial.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

**PLAINTIFF PROPOSES INCLUDING THE FOLLOWING ADDITIONAL SENTENCE:** The parties will consider the use of Zoom depositions on a case by case basis and in good faith based on specific witness circumstances.

    iii. <u>Foreign Language Depositions:</u>  The parties stipulate and agree that for any witness providing testimony with the assistance of a foreign language interpreter, an hour of deposition testimony shall be counted as forty minutes of on the record testimony.  In no event,

however, shall any witness providing testimony with the assistance of a foreign language interpreter be required to testify for longer than 10 hours on the record.

        f.     <u>Disclosure of Expert Testimony</u>.

        i.     <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **[Plaintiff: April 4, 2024 / Defendants: July 12, 2024]**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **[Plaintiff: April 30, 2024 / Defendants: August 9, 2024]**. Reply expert reports from the party with the initial burden of proof are due on or before **[Plaintiff: May 30, 2024 / Defendants: September 6, 2024]**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery shall be completed on or before **[Plaintiff: June 20, 2024 / Defendants: October 4, 2024]**

        ii.     <u>Expert Report Supplementation</u>. The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        iii.     <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

        g.     <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.     Should counsel find, after good faith efforts—including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii.     The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters – Motion to Resolve Discovery Dispute."

iv.     The Court will thereafter set a discovery dispute telephone conference and a briefing schedule.  The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute.  To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues.  The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website.  The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

v.     Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi.     Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

Dear Judge Burke:

The parties in the above-referenced matter
write to request the scheduling of a teleconference
to resolve a protective order dispute.

The following attorneys, including at least one
Delaware Counsel and at least one Lead Counsel
per party, participated in a verbal meet-and-confer
(in person and/or by telephone) on the following

date(s):

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

vii.    The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters – Joint Motion to Resolve Protective Order Dispute."

viii.    The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

ix.    Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

8.    **Motions to Amend**.

a.    Any motion to amend a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

9.    **<u>Motions to Strike</u>**.

a.     Any motion to strike any pleading or other document or testimony shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

10.    **<u>Motions to Stay</u>**.

a.     Any motion to stay shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

11.      **Tutorial Describing the Technology and Matters in Issue**.  The parties may (though they are not required to) provide the Court, no later than **[Plaintiff: October 19, 2023 / Defendants: January 31, 2024]**, with a tutorial on the technology at issue.  In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than 30 minutes in length.  The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial.  Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.      **Claim Construction Issue Identification**.   On **[Plaintiff: June 15, 2023 / Defendants: September 13, 2023]**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).   On **[Plaintiff: July 6, 2023 / Defendants: September 27, 2023]**, each party shall exchange responsive constructions.  These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on **[Plaintiff: July 13, 2023 / Defendants: October**

**11, 2023]**.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Deborah_Benyo@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.  Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart.  The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ]).  "

13.  **Claim Construction Briefing**.  Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before **[Plaintiff: August 3, 2023 / Defendants: November 1, 2023]**.  Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before **[Plaintiff: August 31, 2023 / Defendants: December 1, 2023]**.  Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before **[Plaintiff: September 14, 2023 / Defendants: December 21, 2023]**.  Defendant shall serve, but not file, its sur- reply brief, not to exceed 10 pages, on or before **[Plaintiff: October 5, 2023 / Defendants: January 17, 2024]**.  No later than **[Plaintiff: October 12, 2023 / Defendants: January 24, 2024]**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM 1]
        1.      Plaintiff's Opening Position
        2.      Defendant's Answering Position
        3.      Plaintiff's Reply Position
        4.      Defendant's Sur-Reply Position

B.      [TERM 2]
        1.      Plaintiff's Opening Position
        2.      Defendant's Answering Position
        3.      Plaintiff's Reply Position
        4.      Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

14.     **Hearing on Claim Construction**.  Beginning at **[Plaintiff: Late October-Early November, 2023 / Defendants: February 2024]** the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term.  Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

15.     **Interim Status Report**.  On **[Plaintiff: October 19, 2023 / Defendants: August____, 2024]**, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  The Interim Status Report shall at a minimum include the parties' proposal for sequencing of trial and the timing of and/or

proposed modifications to the Court's default limitations for summary judgment and *Daubert* briefing. Thereafter, if the Court deems it necessary, a status conference will be scheduled to occur on **[Plaintiff: June__ 2024 / Defendants: Early September, 2024]**

16.     **Supplementation**.  Absent agreement among the parties, and approval of the Court, no later than **the dates on which final contentions are due (¶¶ 6(f) and 6(g))** the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17.     **Case Dispositive Motions**.

a.     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[Plaintiff: July 11, 2024 / Defendant: October 25, 2024]. [PLAINTIFF'S PROPOSAL: Answering case dispositive and *Daubert* briefs for all defendants / DEFENDANTS' PROPOSAL: Answering case dispositive and *Daubert* briefs for the first trial defendant] will be due [Plaintiff: August 8, 2024 / Defendant: November 22, 2024]]. [PLAINTIFF'S PROPOSAL:  Reply case dispositive and *Daubert* briefs for all defendants / DEFENDANTS' PROPOSAL: Reply case dispositive and *Daubert* briefs for the first trial defendant] will be due [Plaintiff: August 27, 2024 / Defendants: December 13, 2024].**

b.     No early motions without leave.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.  A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a motion and an accompanying letter brief with the Court of no more than four (4) single-spaced pages, explaining the reasons why an earlier-filed motion should be permitted.  If any party wishes to contest this request, it may do so by filing a responsive letter

brief of no more than four (4) single-spaced pages, within seven (7) days from the date the requesting party filed its brief.  No reply briefs shall be filed.

        c.     <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

        d.     The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

        e.     <u>Page limits combined with *Daubert* motion page limits</u>.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each **SIDE**

will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[1]

    f. <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and *Daubert* motions **[PLAINTIFF'S PROPOSAL: for all defendants / DEFENDANTS' PROPOSAL: for the first trial defendant]** will be held on **[Plaintiff: September ___, 2024 / Defendants: January ___, 2025]** beginning at _____ _.m. [The parties should propose a date approximately two to three months prior to the requested pretrial conference date.]

  18. **<u>Applications by Motion</u>**.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

  19. **<u>Pretrial Conference</u>**.  On **[Plaintiff: November ___, 2024 / Defendants: March ___, 2025]**, the Court will hold a pretrial conference **[PLAINTIFF'S PROPOSAL: for all defendants / DEFENDANTS' PROPOSAL: for the first trial defendant]** in court with counsel beginning at _____ _.m. [The parties should request a date approximately two to four weeks prior to their requested trial date.] Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil

---

[1] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Patent Pretrial Order, which can be found in the "Forms" tab on Judge Burke's section of the Court's website (www.ded.uscourts.gov), **one week before the pretrial conference.**  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

As noted in the Patent Pretrial Order, the parties shall include in their joint proposed pretrial order, among other things:

a.      a request for a specific number of *hours* for their trial presentations, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 Y2 to 6 Y2 hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b.      their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

c.      their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and;

d.      their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether

the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

20.     **Motions *in Limine***.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) single-spaced pages of argument and may be opposed by a maximum of three (3) single-spaced pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional single-spaced page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3)-page single-spaced submission (and, if the moving party, a single one (1)-page single-spaced reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.     **Jury Instructions, Voir Dire, and Special Verdict Forms**.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **[PLAINTIFF'S PROPOSAL: for all defendants / DEFENDANTS' PROPOSAL: for the first trial defendant]** three (3) full business days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Word format, which may be submitted by e-mail to the trial judge's staff.

22.     **Trial**.  This matter is scheduled for a five (5)-day jury trial beginning at 9:30 a.m. on **[Plaintiff: December__, 2024 / Defendants: March/April ___, 2025]**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury

will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.    **Judgment on Verdict and Post-Trial Status Report**.  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly file a form of order to enter judgment on the verdict.  At the same time, the parties shall file a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24.    **Post-Trial Motions**.

Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.


_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

| EVENT | NEC Proposal | Defendants' Counter-Proposal | Agreed Date |
|---|---|---|---|
| Agreed Joint Protective Order (Scheduling Order ("SO") ¶3) and ESI Order (¶1) | -- | -- | March 20, 2023 |
| Rule 26(a)(1) Initial Disclosures (SO ¶1) | -- | | March 6, 2023 |
| Plaintiff's production of license and/or settlement agreements, or filing of proposed order for such disclosure if such order is required for agreements that specifically reference a patent-in-suit (SO ¶6.a) | -- | -- | March 30, 2023 |
| Plaintiff's identification of the accused product(s) and its damages model, as well as the asserted patent(s) infringed, and production of file history for each asserted patent (SO ¶6.b) | March 16, 2023 | March 27, 2023 | -- |
| Defendant's production of technical documents related to the accused product(s) (SO ¶6.c) | March 30, 2023 | May 11, 2023 | -- |
| Joinder of other parties and amendment of pleadings (SO ¶2) | -- | -- | August 30, 2023 |
| Plaintiff's initial infringement claim chart (SO ¶6.d) | April 27, 2023 | June 26, 2023 | -- |
| Defendant's initial invalidity contentions (SO ¶6.e) | May 25, 2023 | August 10, 2023 | -- |
| Plaintiff's production of additional licenses as contemplated by SO ¶6.a | May 30, 2023 | N/A | |
| Exchange of list for terms/phrases for construction (SO ¶12) | June 15, 2023 | September 13, 2023 | -- |
| Exchange of responsive constructions (SO ¶12) | July 6, 2023 | September 27, 2023 | -- |
| Joint Claim Construction Chart (SO ¶12) | July 13, 2023 | October 11, 2023 | -- |
| Plaintiff's claim construction brief (SO ¶13) | August 3, 2023 | November 1, 2023 | -- |
| Defendant's claim construction brief (SO ¶13) | August 31, 2023 | December 1, 2023 | -- |
| Plaintiff's claim construction reply brief (SO ¶13) | September 14, 2023 | December 21, 2023 | -- |
| Defendant's claim construction sur-reply brief (SO ¶13) | October 5, 2023 | January 17, 2024 | -- |
| Joint Claim Construction Brief (SO ¶13) | October 12, 2023 | January 24, 2024 | -- |
| Optional Tutorial Submissions | October 19, 2023 | January 31, 2024 | -- |

| Joint Interim Status Report (SO ¶15) | October 19, 2023 | August __, 2024 | -- |
|---|---|---|---|
| Claim Construction Hearing (SO ¶14) | By November 2, 2023 | February __, 2024 | -- |
| Substantial Completion of Document Production (SO ¶7.b) | -- | -- | January 23, 2024 |
| Deadline to amend pleadings to add claims of inequitable conduct | February 1, 2024 | April 8, 2024 | -- |
| Plaintiff's final infringement contentions (SO ¶¶6.f, 16) | February 1, 2024 | May 8, 2024 | -- |
| Defendant's final invalidity contentions (SO ¶¶6.g, 16) | February 1, 2024 | May 22, 2024 | -- |
| Discovery Cutoff (SO ¶7.a) | March 22, 2024 | June 12, 2024 | -- |
| Rule 26(a)(2) disclosure of expert testimony (SO ¶7.f.i) | April 4, 2024 | July 12, 2024 | -- |
| Supplemental disclosure by other party to contradict or rebut expert testimony (SO ¶7.f.i) | April 30, 2024 | August 9, 2024 | -- |
| Reply expert report (SO ¶7.f.i) | May 30, 2024 | September 6, 2024 | -- |
| Completion of expert discovery (SO ¶7.f.i) | June 20, 2024 | October 4, 2024 | -- |
| Status Conference to discuss timing and order of trials | June __, 2024. Letters with the parties' positions due seven days before the conference. | Early September __ 2024.  Letters with the parties' positions due seven days before the conference. | -- |
| **PLAINTIFF'S PROPOSAL:**<br><br>Dispositive motions and *Daubert* motions for all defendants (SO ¶17.a) (but no earlier than 10 days before the due date)<br><br>**DEFENDANTS' PROPOSAL:**<br><br>Dispositive motions and *Daubert* motions for first trial defendant (SO ¶17.a) (but no earlier than 10 days before the due date) | July 11, 2024 | October 25, 2024 | -- |
| **PLAINTIFF'S PROPOSAL:**<br><br>Answering case dispositive and *Daubert* briefs for all defendants<br><br>**DEFENDANTS' PROPOSAL:** | August 8, 2024 | November 22, 2024 | -- |

| | | | |
|---|---|---|---|
| Answering case dispositive and *Daubert* briefs for first trial defendant | | | |
| **PLAINTIFF'S PROPOSAL:**<br><br>Reply case dispositive and *Daubert* briefs for all defendants<br><br>**DEFENDANTS' PROPOSAL:**<br><br>Reply case dispositive and *Daubert* briefs for first trial defendant | August 27, 2024 | December 13, 2024 | -- |
| **PLAINTIFF'S PROPOSAL:**<br><br>Hearing for dispositive motions and *Daubert* motions for all defendants (SO ¶17.f)<br><br>**DEFENDANT'S PROPOSAL:**<br><br>Hearing for dispositive motions and *Daubert* motions for first trial defendant (SO ¶17.f) | September __, 2024 | January __, 2025 | -- |
| **PLAINTIFF'S PROPOSAL:**<br><br>Joint proposed pretrial order (including *in-limine* requests and responses) (SO ¶¶19, 20) for all defendants<br><br>**DEFENDANTS' PROPOSAL:**<br><br>Joint proposed pretrial order (including *in-limine* requests and responses) (SO ¶¶19, 20) for first trial defendant | -- | -- | One week before the pretrial conference |
| **PLAINTIFF'S PROPOSAL:**<br><br>Jury instructions, voir dire, and special verdict forms for all defendants (SO ¶21)<br><br>**DEFENDANTS' PROPOSAL:**<br><br>Jury instructions, voir dire, and special verdict forms for first trial defendant (SO ¶21) | -- | -- | Three (3) business days before the pretrial conference |
| **PLAINTIFF'S PROPOSAL:** | November __, 2024 | March __, 2025 | -- |

| | | | |
|---|---|---|---|
| Pretrial Conference for all defendants (SO ¶19)<br><br>**DEFENDANTS' PROPOSAL:**<br><br>Pretrial Conference for first trial defendant (SO ¶19) | | | |
| First day of First Jury Trial for first trial defendant (SO ¶22) | December 2, 2024 | March/April __, 2025 | -- |

## CASE MANAGEMENT CHECKLIST

Case Name and Number
*NEC Corporation v. Our Body Electric, Inc.,* C.A. No. 22-986-CJB
*NEC Corporation v. Peloton Interactive, Inc.,* C.A. No. 22-987-CJB
*NEC Corporation v. Tone It Up, Inc.,* C.A. No. 22-988-CJB

Counsel

| | |
|---|---|
| Lead Counsel for Plaintiff | Jennifer Tempesta |
| Delaware Counsel for Plaintiff | Cortlan S. Hitch |
| | |
| Lead Counsel for Defendant OBE | Michael A. Oakes |
| Delaware Counsel for Defendant OBE | Bindu Palapura |
| | Andrew Brown |
| | |
| Lead Counsel for Defendant Peloton | Jennifer Ayers |
| Delaware Counsel for Defendant Peloton | Cameron Clark |
| | |
| Lead Counsel for Defendant Tone It Up | Erica Van Loon |
| Delaware Counsel for Defendant Tone It Up | Pilar Kraman |

Meet and Confer
    Counsel have met and conferred and have made good faith efforts to discuss, in person and/or by telephone, each of the topics listed in the Checklist below, and will be prepared to address these topics at the Case Management Conference ("CMC").

Discovery
* What are the core technical documents?

* Does any party intend to request production of electronic mail? If so, why? How many custodians should be searched? What methods will be used to search for electronic documents (e.g., key word searches, predictive coding)?

* How can the Court best assist the parties to provide meaningful interrogatory responses to avoid discovery disputes over the adequacy of such responses?

* If source code is going to be produced, when, where, and how will it be made available?

Claim Construction
* What are the 1 or 2 most important claim terms requiring construction?

* Should the Court consider a "super-early" limited claim construction hearing on those most important terms?

* What is the maximum number of claim terms the parties will ask the Court to construe?

* How can the parties help the Court achieve its goal of ruling on claim construction

disputes within 60 days of the claim construction hearing?

Narrowing the Case
- At what point(s) in the case will it be appropriate to limit/reduce the number of accused devices/functionalities, asserted patents, asserted claims, invalidity defenses (including obviousness combinations), and prior art references?

- Are there products that are not colorably different than the currently-accused products that Plaintiff expects or Defendant should expect will be added to the case?

- Should damages or any other portion of the case be bifurcated?

Related Cases
- What related cases are pending, in any Court, and what is their filing date and current status?

- Does Plaintiff plan to file additional related cases and, if so, on what schedule and how should that plan affect how this case will proceed?

- Has any patent-in-suit been litigated before and how soon is Plaintiff willing to produce the results of any such litigation, including settlement agreements?

Remedies
- What initial revenue/sales information does Plaintiff need to assess the value of the case and how soon is Defendant willing to produce such information?

- What type of relief is Plaintiff seeking: lost profits, reasonable royalties, injunction, and/or any other form of relief?

- What does Plaintiff contend is the "smallest saleable unit"?

- Has the patent been licensed or offered for any license and how soon is Plaintiff willing to produce licensing information?

Amendments
- What will be the deadline for proposed amendments to the pleadings, including adding allegations of indirect and/or willful infringement as well as inequitable conduct?

- What will be the deadline for adding or altering the accused devices/ functionalities, asserted claims, and prior art?

Supplementation
- Will expert declarations/ affidavits be permitted to be filed with case-dispositive and other motions, without other parties' agreement or leave of the Court?

- What will be the deadline for supplementing infringement, invalidity, damages, and other contentions?

Protective Order

- Are there any reasons this case requires provisions that are not typical of the protective order generally entered in this Court's patent cases?

Motions to Dismiss/Transfer/Stay

- Have any of these motions been filed and/or does any party anticipate filing such a motion?

- Will the parties consent to magistrate judge jurisdiction at least for the limited purpose of resolving these motions?[1]

- Should discovery and other exchanges of information (e.g., Default Standards disclosures) be stayed during pendency of these motions?

Motions for Summary Judgment

- Are there any motions that are potentially fully case dispositive or that would be dispositive of such a significant portion of the case that its resolution would greatly enhance the likelihood of a cost-effective pre-trial disposition — and that the parties agree the Court should hear early?

- If the Court is to hear any early summary judgment motion, which, if any, other parts of the case should be stayed?

- If the Court is to hear any early summary judgment motion, what is the moving party going to give up (e.g., the opportunity to file a motion on the same subject matter later in the case)?

Other Matters

- Are any post-grant review procedures underway or planned that might affect the manner in which this case should proceed?

- Would the Plaintiff be willing to stipulate to a maximum damages figure in exchange for restrictive discovery and an accelerated trial date?

- How soon can this case be ready for alternative dispute resolution?

Scheduling

- Address each matter listed in the Revised Patent Form Scheduling Order and submit, along with this Checklist, a joint proposed scheduling order, clearly identifying points of disagreement.

---

[1] The identity of any party or parties declining to consent should not be disclosed to the Court at any point, only the fact that there is not unanimous consent.