**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NEC CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>OUR BODY ELECTRIC, INC.,<br><br>             Defendant. | Civil Action No. 22-986 (CJB) |
| NEC CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>             Defendant. | Civil Action No. 22-987 (CJB) |
| NEC CORPORATION,<br><br>             Plaintiff,<br><br>v.<br><br>TONE IT UP, INC.,<br><br>             Defendant. | Civil Action No. 22-988 (CJB) |

**<u>LETTER TO THE HONORABLE JUDGE BURKE FROM PLAINTIFF REGARDING
DISPUTE OVER PROPOSED SUPPLEMENTAL PROTECTIVE ORDER</u>**

Dear Judge Burke:

Pursuant to the Court's Order dated April 13, 2023 (D.I. 49 in Case No. 1:22-cv-00987), Plaintiff NEC Corporation ("NEC") respectfully submits this letter in relation to the dispute over a proposed Supplemental Protective Order ("SPO") directed to treatment of Source Code Material in the above-referenced actions. NEC requests that the Court enter NEC's Proposed Supplemental Protective Order, attached as Exhibit A, in the above-referenced actions.

## I.     PROCEDURAL BACKGROUND

On March 30, 2023, parties jointly submitted a proposed stipulated Protective Order ("PO"), which the Court entered on the same date. (*See e.g.,* D.I. 45 in Case No. 1:22-cv-00987.) Paragraph 21 of the PO provides that "Source Code Material shall be provided with additional protections, which will be covered by a Supplemental Protective Order Directed to Treatment of Source Code Material." (*Id.* ¶21.)

The provisions concerning such additional protections for Source Code Material (hereinafter "Source Code Provisions") were omitted from the proposed stipulated PO because parties could not reach agreement on such provisions before the March 30, 2023 deadline for proposed form of protective order (*e.g.* D.I. 36 in Case 1:22-cv-00987 ¶3). The parties participated in additional discussions over the Source Code Provisions but remain unable to reach agreement. A draft of the proposed SPO containing parties' differing proposals is attached as Exhibit B.

## II.    ISSUES IN DISPUTE

NEC seeks customary, reasonable source code review-related provisions that would permit counsel to prosecute these matters effectively and efficiently with the assistance of experts and consultants, while maintaining adequate protections for Source Code Material. Because NEC expects to be the Receiving Party for the vast majority of produced Source Code Material in these actions, the restrictions that Defendants seek to impose would disproportionately burden NEC and not Defendants.

### A.     Use of a laptop or electronic device for the sole purpose of note-taking while inspecting Source Code under monitoring

NEC proposes the following language for ¶34(a) of the SPO: "The receiving party may take notes on a laptop or other personal electronic device, and such notes are treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE." Defendants disagree and seek to include the following restrictions:

> Additionally, use or possession of any recording device or memory device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, cellular telephone, smartphone, and/or other mobile devices, including tablets, computers, etc.) is prohibited while accessing the computer containing Source Code Material.

1

(Ex. B at 2-3.) These restrictions will cause undue burden to NEC's counsel, experts, and consultants during inspection of Source Code Materials because forcing the reviewers to take handwritten notes instead of allowing them to type electronic notes greatly hampers efficient conduct of such inspection.

Defendants provided no explanation for these proposed restrictions, which are plainly unnecessary in light of the abundance of safeguards already in place. First, the non-disputed portions of ¶34(a) of the proposed SPO already prohibit the Receiving Party from "us[ing] any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code Material" (Ex. B at 2), and any persons having access to Source Code Materials, or to any DESIGNATED MATERIAL, are legally bound by this provision pursuant to the PO (PO ¶5). It is also not disputed in ¶34(a) that "[a]ccess to Source Code Material shall be provided only on 'stand-alone' computer(s) . . . at a domestic office of outside counsel of record for the Producing Party," and the Producing Party has the ability to disable all means of communication or data link from the computer to eliminate the possibility of unauthorized reproduction of Source Code Material. (Ex. B at 2.) If those still do not alleviate Defendants' concerns, the undisputed ¶34(b) of the proposed SPO provides that the inspection would be carried out *under "personal supervision" of the Producing Party*, "*e.g.*, in a room that has glass windows and/or doors" or "with the door opened." (Ex. B at 3.) Under such circumstances, Defendants' proposed restrictions are unnecessary.

Notably, in other similar cases, Defendant Peloton Interactive Inc. ("Peloton") has voluntarily agreed to protective orders, including in this district, without the restrictions proposed here. (Ex. C (*iFIT Inc. v. Peloton Interactive, Inc.*, No. 1:20-cv-01386-RGA (D. Del.), D.I. 32 (PROPOSED Stipulated Protective Order)) ¶8.a-8.m; Ex. D (*Peloton Interactive, Inc.* v. Flywheel Sports, Inc., No. 2:18-cv-00390 (E.D. Tex.), D.I. 49 (Joint Motion for Entry of Protective Order)) Attachment ¶10(a)-(k).) Accordingly, NEC respectfully requests that the Court adopt NEC's proposal for this provision.

## B.   Number of hard copy printouts of the specific lines, pages, or files of the Source Code Material

Under ¶34(h) of the proposed SPO, NEC proposes that "[t]he Receiving Party shall be entitled to request five (5) hard copy printouts of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality." (Ex. B at 7.) Defendants do not disagree with the general language, but insist that only three printouts shall be allowed. (*Id.*)

NEC's outside counsel team includes Baker Botts attorneys from at least three U.S. offices, and NEC anticipates requiring assistance from experts and/or consultants. NEC understands that the Receiving Party is prohibited from creating duplicates of such printouts (*e.g.* Ex. B ¶34(m)). Moreover, the proposed SPO imposes stringent conditions on the transport, storage, and use of anything containing Source Code Materials (*e.g. id.* ¶34(i), (j), (k), (p)). As such, NEC's counsel, experts, and consultants at different geographical locations each may require their own physical copy of the printouts, and NEC's proposal for five copies is the result of NEC's good faith efforts to keep the number of copies to a minimum.

Defendants' refusal to accommodate such a request is objectively unreasonable because there is no reason to believe that two extra copies of such printouts would cause any harm or prejudice to the Defendants, in light of the existing safeguards in the undisputed portions of the proposed SPO. Moreover, in other cases, Peloton has agreed to proposed protective orders with provisions providing that "[t]he receiving Party shall be permitted to make *a reasonable number of printouts* and photocopies of Source Code Material" (Ex. D Attachment ¶10(h) (emphasis added)), or with no limit on numbers of printouts at all (Ex. C ¶8.i-8.j). Accordingly, NEC requests that the Court adopt its proposal allowing the Receiving Party to request five hard copy printouts of the specific lines, pages, or files of the Source Code Material.

### C.   Whether outside consultants or experts authorized under the Protective Order may keep copies in a secured locked area in their offices

In ¶34(j) of the proposed SPO, NEC proposes that,

> If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts.

(Ex. B at 10.) Defendants' proposal would eliminate the underlined portion, requiring that all printouts or photocopies of Source Code Material be kept at outside counsel's office. Again, Defendant's proposal imposes excessive burden on NEC's counsel, experts, and consultants. As explained above, NEC's counsel, experts, and consultants at different geographical locations each require their own physical copy of the printout, which NEC understands cannot be duplicated. To require that experts and consultants travel to NEC's counsel's offices each and every time they need to review or study the printouts would be both inefficient and burdensome.

Defendants' proposed restrictions are also unnecessary. First, the number of hard copy printouts is already limited to five (under NEC's proposal), and these printouts are available to only a limited set of persons. (PO ¶5.) To further limit the locations at which the printouts are stored serves no legitimate purpose and hampers NEC's ability to prosecute its cases and obtain assistance from experts and consultants. Further, the undisputed portion of ¶34(j) already requires that the printouts be kept in a secured locked areas of authorized personnel. There is no reason to believe that consultants or experts are incapable of keeping source code in a safe area as compared with offices of outside counsel.

Moreover, Defendant Peloton has voluntarily agreed to protective orders in other patent infringement matters without such restrictions, allowing printouts or photocopies of Source Code Materials be stored "in a secured locked area in the offices of such outside counsel, consultants, or experts"—which is what NEC proposes here. (Ex. C ¶8.j; Ex. D, Attachment ¶10(j).) Defendants have enunciated no legitimate reason not to agree to the same here.

## III.   CONCLUSION

NEC respectfully requests that the Court enter NEC's proposed version of the SPO.

Dated: April 20, 2023

                                    */s/ Kenneth L. Dorsney*

                                    Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Of Counsel:*

Robert L. Maier
Jennifer C. Tempesta
Michael E. Knierim
Nick Palmieri
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Fax: (212) 408-2501
Robert.Maier@bakerbotts.com
Jennifer.Tempesta@bakerbotts.com
Michael.Knierim@bakerbotts.com
Nick.Palmieri@bakerbotts.com

Sarah J. Guske
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

*Attorneys for Plaintiff*
*NEC Corporation*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **NEC Corporation,** | |
| Plaintiff, | |
| v. | Civil Action No. 22-cv-986-CJB |
| **Our Body Electric, Inc.** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | |
| v. | Civil Action No. 22-cv-987-CJB |
| **Peloton Interactive, Inc.,** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | |
| v. | Civil Action No. 22-cv-988-CJB |
| **Tone It Up, Inc.,** | |
| Defendant. | |

**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER FOR SOURCE CODE**

WHEREAS, the parties to the above captioned actions (the "Litigation" or "case") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of source code;

WHEREAS, the Parties seek a supplemental protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that the Stipulated Protective Order entered on March 30, 2023 (C.A. No. 22-986, D.I. 46; C.A. No. 22-987, D.I. 45; C.A. No. 22-988, D.I. 48) be amended to add the following provisions related to source code:

34.   In addition to the foregoing protections provided for in the protective order entered on March 30, 2023 regarding DESIGNATED MATERIAL, Source Code Material shall be provided with the following additional protections:

(a)   Access to Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, a Wireless Network, the Internet, or a printer) at a domestic office of outside counsel of record for the Producing Party. The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code Material. The receiving party may take notes on a laptop or other personal electronic device, and such notes are treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE. The Receiving Party may take handwritten notes provided however that the Receiving Party may not copy any portion of the Source Code Material into the notes. For the avoidance of doubt, the copying of variable, function, and routine names and descriptions or explanation of the functionality of variables, functions and routines in notes are not considered a copy of any portion of the source code

for the purposes of this paragraph. Any handwritten notes must be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE.

(b)     The Producing Party may exercise personal supervision from outside the review room over the Receiving Party's representative during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. To facilitate the supervision of the inspection, the Producing Party shall make a good faith effort to produce the stand alone computer in a room that permits personal supervision with the door to the inspection room closed (*e.g.,* in a room that has glass windows and/or doors). In the event production of the inspection machine cannot be made in a room that permits personal supervision with the door to the inspection room closed, the Parties agree that the inspection shall take place with the door opened. Any supervision of the inspection, however, shall not entail review of any work generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes of the receiving party, or monitoring the keystrokes of the Receiving Party.  Such supervision shall not be conducted in a manner that unreasonably prevents any communication among the Receiving Party's team. The Producing Party may not videotape the activities

of the Receiving Party's representatives during any source code review;

(c)    The Producing Party's outside counsel shall make reasonable efforts to accommodate the Receiving Party's requests for review. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time where the stand-alone computer is located; provided that the Receiving Party shall provide at least five (5) business days' notice prior to the first request for access, and at least two (2) business days' notice for each subsequent request unless the parties agree to a shorter period of time. However, if a review of the Source Code Material is taking place and the Receiving Party requests the review continue to take place on the subsequent business day, the Producing Party agrees to make reasonable efforts to make the stand-alone computer available; and upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the standalone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that the Producing Party shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). At the request of the Receiving Party, the Producing Party shall install commercially available software tools sufficient for viewing and searching Source Code Material on the stand-alone computer containing Source Code Material. The Receiving Party should provide the Producing Party with the identification of the commercially available software tools it desires to use to view, search, and analyze the Source Code Material provided, however, that such software tools meet the requirements of this paragraph and appropriate licensed copies of the software tools and installation materials must be provided by the Receiving Party, at the Receiving Party's cost, to the Producing Party. The Producing Party shall install the software tools on the stand-along computer(s) by the requested date and time of inspection. To that end, the Receiving Party must identify and provide to the Producing Party such software tool(s) (along with appropriate licenses permitting their use) at least five (5) days in advance of the installation, and consent to have such software tools shall not be unreasonably withheld;

(e)      The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(f)      Access to the standalone computer on which Source Code Material is produced shall be limited to outside counsel of record and outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to the provisions described above. Additionally, the Producing Party shall, on request, make a searchable electronic copy of the Source Code Material available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The stand-alone computer shall include the same Source Code made available for inspection pursuant to paragraph 34(a) in the same format and organization as provided on the review computer(s). The Receiving Party shall make such request five (5) business days before the deposition. Any deposition requiring a stand-alone computer of Source Code Material shall ordinarily take place at the offices of outside counsel for the Producing Party, unless otherwise agreed by the parties;

(g)      The Designating Party shall include on the stand-alone computer a list of all files available for review on the stand-alone computer;

(h)    The Receiving Party shall be entitled to request five (5) hard copy printouts of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality. In the event that the Receiving Party requests more than 40 consecutive pages or an aggregate of more than 600 pages of printed source code from a Designating Party, and the Designating Party objects based on the volume of materials requested, the parties shall meet and confer in good faith as soon as possible, and in no event later than five (5) business days after such request by the Receiving Party. The Producing Party will provide the Receiving Party written notice of any such objection and a reasonable description of the basis for such objection within this five (5) business day period. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of the dispute within five (5) business days of the conclusion of the meet and confer process. The parties shall apply to the Court for relief in accordance with the Court's procedures.  The Receiving Party shall be also permitted to request printouts of folder structures containing the Source Code Material, including the filenames contained therein. Such printouts shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY - SOURCE CODE under this Protective Order and shall count toward the aforementioned page limits. To request the hard copy print out contemplated in this Paragraph, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting using the software[1] available on the stand-alone computer, and save them in a folder on the desktop of the stand-alone computer named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information, including the full file path and file name, page number, and/or line numbers such that the Designating Party may identify where the source code is located in the original production. The Receiving Party shall request printouts of only such portions of source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Receiving Party shall not request printouts in order to review blocks of Source Code elsewhere in the first instance, *i.e.,* as an alternative to reviewing Source Code electronically on the standalone computers;

(i)     The Receiving Party shall be permitted to make four (4) additional copies of printed Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" for use at a

---

[1] The Designating Party shall ensure the software is sufficient to create the production contemplated in this paragraph.

deposition.  If source code is marked as an exhibit and the deponent is presented by the Plaintiff, then each Party shall be entitled to retain one physical copy of the source code exhibit. If source code is marked as an exhibit and the deponent is presented by a Defendant, then Plaintiff and the presenting Defendant shall each be entitled to retain one physical copy of the source code exhibit. If the source code is marked as an exhibit and the deponent is presented by a Third Party, then the Third Party and any Party attending the deposition shall be entitled to retain one physical copy of the source code exhibit. All physical copies of source code exhibits marked and retained under this paragraph of the Protective Order must be maintained in a secured locked area in the offices of outside counsel. For the avoidance of all doubt, the hard copy of any source code marked as an exhibit during a deposition shall not be retained by the court reporter.  The Producing Party shall retain a copy of the printouts provided to the Receiving Party;

(j)     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the

dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(k)     The Receiving Party may make and use short electronic excerpts and images of the source code if necessary for court filings, expert reports, contentions, discovery responses, trial exhibits, demonstrative exhibits and other similar documents (including drafts thereof). The Receiving Party must at all times password protect any such electronic copies with a password comprising at least ten characters which include at least the following: a lower case letter, a capital letter, a number, and a special character. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE;"

(l)     Any document containing "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" must have the source code redacted prior to filing it electronically using the Court's CM/ECF system. Unredacted versions of documents containing "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" shall be submitted to the Court pursuant to the Court's procedures for courtesy copies;

(m)     Except as provided in Paragraphs 34(k)-34(l) above of this Protective Order, the Receiving Party shall not make any electronic copies of the electronic source code (e.g., Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner—including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). The Receiving Party may electronically transmit the password protected documents referenced in Paragraphs 34(k)-34(l) (including, but not limited to, claim charts, expert reports, interrogatories, responses to interrogatories, requests for admission, and responses to requests for admission and pleadings) to: Experts and Outside Counsel of Record. Any such electronic transmission must be encrypted. Except as permitted herein, unless agreed in advance by the parties in writing, images or electronic copies of source code shall not be included in correspondence (references to production numbers shall be used instead);

(n)     Except as set forth above, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party;

(o)     The Producing Party may not configure its Source Code Material or the standalone computer(s) in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (e.g., key logging, video capture, etc.);

(p)     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 34(h)-34(j) above to another person authorized under Paragraph 34(h)-34(j) above. Except as specifically set forth above, Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, a wireless network, or the Internet. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual; and

(q)     The Parties shall not provide the court reporter with copies of Source Code Material that are marked as deposition exhibits and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

SO ORDERED this __ day of ____, 2023.

_____
HONORABLE CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **NEC Corporation,** | |
| Plaintiff, | |
| | Civil Action No. 22-cv-986-CJB |
| v. | |
| **Our Body Electric, Inc.** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | |
| | Civil Action No. 22-cv-987-CJB |
| v. | |
| **Peloton Interactive, Inc.,** | |
| Defendant. | |
| **NEC Corporation,** | |
| Plaintiff, | |
| | Civil Action No. 22-cv-988-CJB |
| v. | |
| **Tone It Up, Inc.,** | |
| Defendant. | |

**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER FOR SOURCE CODE**

WHEREAS, the parties to the above captioned actions (the "Litigation" or "case") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of source code;

WHEREAS, the Parties seek a supplemental protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

1

THEREFORE, it is hereby stipulated among the Parties and ORDERED that the Stipulated Protective Order entered on March 30, 2023 (C.A. No. 22-986, D.I. 46; C.A. No. 22-987, D.I. 45; C.A. No. 22-988, D.I. 48) be amended to add the following provisions related to source code:

34.   In addition to the foregoing protections provided for in the protective order entered on March 30, 2023 regarding DESIGNATED MATERIAL, Source Code Material shall be provided with the following additional protections:

(a)   Access to Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, a Wireless Network, the Internet, or a printer) at a domestic office of outside counsel of record for the Producing Party. The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code Material. *[Plaintiff's Position: The receiving party may take notes on a laptop or other personal electronic device, and such notes are treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE.].*

*[Defendants' Position: Additionally, use or possession of any recording device or memory device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, cellular telephone, smartphone, and/or other mobile devices, including tablets, computers, etc.) is prohibited while*

*accessing the computer containing Source Code Material].*
The Receiving Party may take handwritten notes provided however that the Receiving Party may not copy any portion of the Source Code Material into the notes. For the avoidance of doubt, the copying of variable, function, and routine names and descriptions or explanation of the functionality of variables, functions and routines in notes are not considered a copy of any portion of the source code for the purposes of this paragraph. Any handwritten notes must be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE.

(b)     The Producing Party may exercise personal supervision from outside the review room over the Receiving Party's representative during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. To facilitate the supervision of the inspection, the Producing Party shall make a good faith effort to produce the stand alone computer in a room that permits personal supervision with the door to the inspection room closed (*e.g.,* in a room that has glass windows and/or doors). In the event production of the inspection machine cannot be made in a room that permits personal supervision with the door to the inspection room closed, the Parties agree that the inspection shall take place with the door opened. Any supervision of the inspection, however, shall not entail review of any work

generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes of the receiving party, or monitoring the keystrokes of the Receiving Party.  Such supervision shall not be conducted in a manner that unreasonably prevents any communication among the Receiving Party's team. The Producing Party may not videotape the activities of the Receiving Party's representatives during any source code review;

(c)  The Producing Party's outside counsel shall make reasonable efforts to accommodate the Receiving Party's requests for review. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time where the stand-alone computer is located; provided that the Receiving Party shall provide at least five (5) business days' notice prior to the first request for access, and at least two (2) business days' notice for each subsequent request unless the parties agree to a shorter period of time. However, if a review of the Source Code Material is taking place and the Receiving Party requests the review continue to take place on the subsequent business day, the Producing Party agrees to make reasonable efforts to make the stand-alone computer available; and upon reasonable notice from the Receiving Party, the Producing

Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the standalone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that the Producing Party shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d)    The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). At the request of the Receiving Party, the Producing Party shall install commercially available software tools sufficient for viewing and searching Source Code Material on the stand-alone computer containing Source Code Material. The Receiving Party should provide the Producing Party with the identification of the commercially available software tools it desires to use to view, search, and analyze the Source Code Material provided, however, that such software tools meet the requirements of this paragraph and appropriate licensed copies of the software tools and installation materials must be provided by the Receiving Party, at the Receiving Party's cost, to the Producing Party. The Producing Party shall install the software tools on the stand-along computer(s) by the requested date and time of inspection. To that end, the Receiving Party must identify and

provide to the Producing Party such software tool(s) (along with appropriate licenses permitting their use) at least five (5) days in advance of the installation, and consent to have such software tools shall not be unreasonably withheld;

(e)    The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(f)    Access to the standalone computer on which Source Code Material is produced shall be limited to outside counsel of record and outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to the provisions described above. Additionally, the Producing Party shall, on request, make a searchable electronic copy of the Source Code Material available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The stand-alone computer shall include the same Source Code made available for inspection pursuant to paragraph 34(a) in the same format and organization as provided on the review computer(s). The Receiving Party shall make such request five (5) business days before the deposition. Any deposition requiring a stand-alone computer of Source Code Material shall

ordinarily take place at the offices of outside counsel for the Producing Party, unless otherwise agreed by the parties;

(g)     The Designating Party shall include on the stand-alone computer a list of all files available for review on the stand-alone computer;

(h)     *[Plaintiff's Position: The Receiving Party shall be entitled to request five (5) hard copy printouts of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality.]*

*[Defendants' Position: The Receiving Party shall be entitled to request three (3) hard copy printouts of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality.]* In the event that the Receiving Party requests more than 40 consecutive pages or an aggregate of more than 600 pages of printed source code from a Designating Party, and the Designating Party objects based on the volume of materials requested, the parties shall meet and confer in good faith as soon as possible, and in no event later than five (5) business days after such request by the Receiving Party. The Producing Party will provide the Receiving Party written notice of any such objection and a reasonable description of the basis for such objection within this five (5) business day period. If, after

meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of the dispute within five (5) business days of the conclusion of the meet and confer process. The parties shall apply to the Court for relief in accordance with the Court's procedures.  The Receiving Party shall be also permitted to request printouts of folder structures containing the Source Code Material, including the filenames contained therein. Such printouts shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE under this Protective Order and shall count toward the aforementioned page limits. To request the hard copy print out contemplated in this Paragraph, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting using the software[1] available on the stand-alone computer, and save them in a folder on the desktop of the stand-alone computer named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information, including the full file path and file name, page number, and/or line numbers such that the Designating Party may identify where the source code is located in the original production. The Receiving Party shall request printouts of only such portions of

---

[1] The Designating Party shall ensure the software is sufficient to create the production contemplated in this paragraph.

source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Receiving Party shall not request printouts in order to review blocks of Source Code elsewhere in the first instance, *i.e.,* as an alternative to reviewing Source Code electronically on the standalone computers;

(i)    The Receiving Party shall be permitted to make four (4) additional copies of printed Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" for use at a deposition.  If source code is marked as an exhibit and the deponent is presented by the Plaintiff, then each Party shall be entitled to retain one physical copy of the source code exhibit. If source code is marked as an exhibit and the deponent is presented by a Defendant, then Plaintiff and the presenting Defendant shall each be entitled to retain one physical copy of the source code exhibit. If the source code is marked as an exhibit and the deponent is presented by a Third Party, then the Third Party and any Party attending the deposition shall be entitled to retain one physical copy of the source code exhibit. All physical copies of source code exhibits marked and retained under this paragraph of the Protective Order must be maintained in a secured locked area in the offices of outside counsel. For the avoidance of all doubt, the hard copy of any source code marked as an exhibit during a deposition shall not be retained by the

9

court reporter. The Producing Party shall retain a copy of the printouts provided to the Receiving Party;

(j)     *[Plaintiff's Position: If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts].*
*[Defendants' Position: If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel].*
The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(k)     The Receiving Party may make and use short electronic excerpts and images of the source code if necessary for court filings, expert reports, contentions, discovery responses, trial exhibits,

10

demonstrative exhibits and other similar documents (including drafts thereof). The Receiving Party must at all times password protect any such electronic copies with a password comprising at least ten characters which include at least the following: a lower case letter, a capital letter, a number, and a special character. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE;"

(l)    Any document containing "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" must have the source code redacted prior to filing it electronically using the Court's CM/ECF system. Unredacted versions of documents containing "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" shall be submitted to the Court pursuant to the Court's procedures for courtesy copies;

(m)    Except as provided in Paragraphs 34(k)-34(l) above of this Protective Order, the Receiving Party shall not make any electronic copies of the electronic source code (e.g., Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner—including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). The Receiving Party may electronically

transmit the password protected documents referenced in Paragraphs 34(k)-34(l) (including, but not limited to, claim charts, expert reports, interrogatories, responses to interrogatories, requests for admission, and responses to requests for admission and pleadings) to: Experts and Outside Counsel of Record. Any such electronic transmission must be encrypted. Except as permitted herein, unless agreed in advance by the parties in writing, images or electronic copies of source code shall not be included in correspondence (references to production numbers shall be used instead);

(n)     Except as set forth above, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party;

(o)     The Producing Party may not configure its Source Code Material or the standalone computer(s) in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (e.g., key logging, video capture, etc.);

(p)     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 34(h)-34(j) above to another person authorized under Paragraph 34(h)-34(j) above. Except as specifically set forth above, Source Code Material may not be transported or transmitted

12

electronically over a network of any kind, including a LAN, an intranet, a wireless network, or the Internet. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual; and

(q)     The Parties shall not provide the court reporter with copies of Source Code Material that are marked as deposition exhibits and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

_____, 2023

INSERT SIGNATURE BLOCKS

SO ORDERED this \_\_ day of \_\_\_\_, 2023.

_____
HONORABLE CHRISTOPHER J. BURKE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ICON HEALTH & FITNESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1386 (RGA) |
| | ) | |
| PELOTON INTERACTIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**STIPULATED PROTECTIVE ORDER**</u>

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff ICON Health & Fitness, Inc. and defendant Peloton Interactive, Inc. and their respective undersigned counsel, that this Protective Order shall govern the disclosure, handling, and use of documents, records, testimony, and any other information, items, or materials that are produced, supplied, or given by, or otherwise exchanged between, the Parties and any Non-Party (as those terms are defined herein) during the litigation of the above-captioned action (this "Action").

IN LIGHT OF THE PARTIES' STIPULATION AND AGREEMENT, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Protective Order shall be adopted and observed in the Action:

1

1.     **<u>DEFINITIONS</u>**

1.1     <u>Party</u>: A party to this Action, including each of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (as defined herein) and their support staff.

1.2     <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.3     <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action or have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

1.4     <u>In-House Counsel</u>: Attorneys who are employees of a Party to this Action, but not including Outside Counsel of Record.

1.5     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Protective Order.

1.6     <u>"CONFIDENTIAL" Information or Items</u>: Non-public information (regardless of how it is generated, stored, or maintained), items that contain or disclose information that constitute or relate to trade secrets or other confidential or proprietary research, development, technical, financial, or commercial information that a Party reasonably believes could cause harm to its business operations or provide improper business or commercial advantage to another Party or Non-Party, or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.7     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

1.8     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

1.9     Disclosure or Discovery Material: All information or items, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

1.10     Expert: A person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.11     Final Disposition: The later of (1) dismissal of all claims and defenses in an action, with or without prejudice; or (2) final judgment in an action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1.12     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information or items may include, without limitation, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, trade secrets, or other highly confidential research,

3

development, technical, financial, or commercial information. Information or items produced pursuant to Local Rule 26.2 and/or designated as Highly Confidential – Outside Counsel Eyes Only shall be treated the same as information or items designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order.

1.13   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: Extremely-sensitive "CONFIDENTIAL" Information or Items that meets the definition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items and is non-public computer source code that exhibits extremely-sensitive trade secret or other confidential research or development, the disclosure of which to an unauthorized individual could create a substantial risk of serious harm that could not be avoided by less restrictive means. As used herein, "source code" means human-readable computer instructions expressed in a form suitable for input to an assembler, compiler, or other data processing module in native format.

1.14   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.15   Professional Vendors: Third-party persons or entities that provide litigation support services (e.g., photocopying, imaging, videotaping, translating, preparing exhibits or demonstrations, and organizing, processing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.16   Protected Material: Any Disclosure or Discovery Material that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.17   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

4

2.     **SCOPE**

This Protective Order shall apply to all Protected Material, regardless of the medium or manner in which it is generated, stored, or maintained, that is produced, disclosed, or generated either by a Party or Non-party in connection with discovery or Rule 26(a) disclosures in this Action.  Moreover, this Protective Order shall apply to (a) any information copied or extracted from Protected Material, (b) any copies, excerpts, summaries, or compilations of Protected Material, and (c) any testimony, conversations, or presentations by a Party or its Counsel that might reveal information or items that have been designated in accordance with the procedures set forth herein.

However, this Protective Order shall not apply to (a) any information or items that are in the public domain at the time of receipt by the Receiving Party or that become part of the public domain, after receipt by the Receiving Party, in a manner that does not violate this Protective Order, or (b) any information or items that are known to the Receiving Party prior to being designated with a confidentiality designation for this Action or that are obtained by the Receiving Party from a source who lawfully obtained the information or items and who was under no obligation of confidentiality to the Designating Party.

Nothing in this Protective Order shall (a) affect the right of the Producing Party to disclose or use its own Protected Material for any purpose, or (b) prevent or otherwise restrict Counsel from rendering legal advice to their client and in the course thereof, relying on Protected Material, provided, however, that in relying on such Protected Material, Counsel shall not disclose, reveal, or describe the content of any Protected Material except insofar as allowed, if at all, under the terms of this Protective Order.

5

Counsel of the Parties will work together to discuss how to handle Protected Material that is to be presented at hearings or at trial.

**3.**     **DURATION**

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**4.**     **DESIGNATING DISCLOSURE OR DISCOVERY MATERIAL**

**4.1**     **Restraint and Care in Designating Disclosure or Discovery Material**

Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Protective Order shall exercise restraint and take care to limit any designation to specific information or items that qualify under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not properly qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

**4.2**     **Timing of Designations**

Except as otherwise provided herein, or stipulated to or ordered, each Party or Non-Party shall designate Disclosure or Discovery Material for protection under this Protective Order before the information or items are disclosed or produced.  If it comes to a Designating Party's attention that information or items were not properly designated as Protected Materials, that Designating Party must promptly notify all other Parties in its respective action that it is designating the materials as Protected Materials pursuant to Paragraph 4.4 below.

### 4.3     Manner of Designating

a.     <u>Disclosure or Discovery Material in Documentary Form</u>

Disclosure or Discovery Material that is produced in documentary form (excluding transcripts) shall be designated by labeling or marking each page of the document with the appropriate designation.

b.     <u>Native Files</u>

Disclosure or Discovery Material that is produced in native electronic format shall be designated by appending to the file names an indication of the appropriate designation or by implementing any other reasonable method for designating materials produced in native electronic format.  If such Disclosure or Discovery Material are printed, such as for use at a deposition or in a court proceeding, the party printing the materials shall label or mark each page of the printed materials with the designation of the electronic file.

c.     <u>Depositions and Other Testimony</u>

Testimony given during a deposition or in other pretrial or trial proceedings shall be initially designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of thirty (30) days after the Designating Party receives a final transcript of the testimony ("thirty-day period"), unless the testimony is otherwise designated at the time of the testimony or during the thirty-day period.

An entire transcript of testimony or pages thereof may be designated by an appropriate statement either at the time the testimony is given or by notification within the thirty-day period. If the testimony is not designated at the time of testimony or during the thirty-day period, the testimony shall no longer be considered Protected Material under this Protective Order.

Transcripts containing pages designated with a confidentiality designation shall include an obvious legend on the title page indicating that the transcript contains Protected Material (e.g., "This transcript contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information"), and each transcript page containing Protected Material shall include a label or mark indicating the appropriate designation.

        d.    <u>Written Discovery</u>

Written discovery responses and information contained therein shall be designated by means of a statement specifying the level of designation prior to each response that contains Protected Material or any other means of identifying the designation level of a particular response(s).  Moreover, the title page for such written discovery responses shall also include an obvious legend indicating that the response contains Protected Material.

        e.    <u>Information or Items Made Available for Inspection</u>

Any information or items made available for inspection prior to producing copies of selected information or items shall initially be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise designated at or before the time of inspection. Thereafter, the Producing Party shall have a reasonable amount of time to review and designate the selected information or items prior to producing copies to the Receiving Party.

        f.    <u>Information or Items Produced in Some Form Other than Documentary</u>

Disclosure or Discovery Material that is produced in some form other than documentary shall be designated by affixing a legend with the appropriate designation in an obvious place on the exterior of the container or the like in which protectable information is stored.

### 4.4      Inadvertent Failure to Designate Properly

Any information or items that are inadvertently produced or disclosed without a designation or are inadvertently produced or disclosed under- or over-designated may be corrected by the Producing Party providing written notice to Counsel for the Receiving Party, and the Receiving Party shall thereafter treat that information or items as properly designated. Within five (5) business days of such written notice, the Producing Party shall produce to the Receiving Party replacement copies of the information or items with the proper designation and such information or items shall be protected under this Protective Order as if it had been initially so designated.

So long as the Producing Party provides the written notification within a reasonable amount of time after becoming aware of the inadvertent failure to designate or under- or over-designation, the failure to designate or under- or over-designation shall not, standing alone, waive the Producing Party's rights to secure protection for the affected information or items under this Protective Order.  After timely correction of a designation by the Producing Party, the Receiving Party shall make reasonable efforts to afford the information or items the protections set forth herein.

## 5.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

### 5.1      Timing

A Party may challenge a confidentiality designation at any time.  Unless a prompt challenge to a confidentiality designation is necessary to avoid a foreseeable, substantial, and unnecessary burden on a Party or a significant disruption or delay in the litigation, a Party does not waive its right to challenge a confidentiality designation by forgoing to promptly challenge the designation after its disclosure.

**5.2     Manner of Challenging**

a.     Written Notice

Any challenge to a confidentiality designation (i) shall be in writing, (ii) shall be served on Counsel of the Designating Party, (iii) shall particularly identify the information or items (including page numbers as appropriate) that the Challenging Party alleges should be differently designated, and (iv) shall describe the basis for each challenge.

b.     Meet and Confer

Within seven (7) business days of service of the written notice, the Parties shall meet and confer in an attempt to resolve each challenge in good faith.  In conferring, the Challenging Party shall explain the basis for each challenge, and the Designating Party shall (i) review the challenged material, (ii) consider the basis for the challenge, and (iii) if no change in the challenged designation is offered, explain the basis for the confidentiality designation.  A Challenging Party shall only proceed to resolution by the Court if it has engaged in the foregoing meet and confer process or establishes that the Designating Party is unwilling to timely participate in such process.

c.     Resolution by the Court

If the Parties cannot resolve a designation challenge, the Challenging Party may contact the Court pursuant to the dispute procedures in the local rules and the scheduling order to seek a ruling that the Disclosure or Discovery Material in question is not entitled to the status of and protection associated with the Designating Party's designation.  Initiation of the dispute procedures must be made within ten (10) business days of the meet and confer.  Each motion filed pursuant to this paragraph must be accompanied by a certification or declaration affirming that the Challenging Party has complied with the requirements imposed in this section.  Failure

by the Challenging Party to comply with this paragraph shall constitute a waiver of any challenge to the designations at issue.

The Designating Party shall bear the burden of persuasion regarding the propriety of any challenged designation.  Frivolous challenges and those made for an improper purpose (e.g., for delay or to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**6.     ACCESS TO DESIGNATED MATERIALS**

Except as otherwise provided, a Receiving Party shall have access to and may use Disclosure or Discovery Material that is disclosed or produced by another Party or Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the litigation of this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

After Final Disposition of this Action, all Receiving Parties must comply with the requirements of Section 14.

**6.1     CONFIDENTIAL**

Unless otherwise ordered by the Court, allowed under this Protective Order, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     individuals who are permitted to receive information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

11

b.      no more than five (5) officers, directors, or employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose, except that either Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent, provided that such individuals agree to be bound by this Protective Order by signing a copy of Exhibit A;

**6.2     HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only the following:

a.      the Receiving Party's Outside Counsel of Record in this Action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.      any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

c.      the Court, court personnel, and jury;

d.      court reporters, stenographers, or videographers, as well as their staff;

e.      professional jury or trial consultants, their staff, and mock jurors to whom it is reasonably necessary to disclose;

f.      any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

g.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

### 6.3    HIGHLY CONFIDENTIAL – SOURCE CODE

Access to Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be governed by the procedures set forth below in Section 8.

To the extent a Receiving Party obtains copies of HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the Provisions in Section 8, the Receiving Party may disclose copies of Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" to only the following:

a.      the Receiving Party's Outside Counsel of Record in this Action, employees of such Outside Counsel to whom it is reasonably necessary to disclose, and any Professional Vendors working at the direction of such Outside Counsel;

b.      any Expert of the Receiving Party to whom it is reasonably necessary to disclose, provided that such Expert (i) agrees to be bound by this Protective Order by signing a copy of Exhibit A, and (ii) complies with the procedures set forth below in Section 7;

c.      the Court, court personnel, and jury;

d.      court reporters, stenographers, or videographers, as well as their staff; any individual who currently has or previously had access to the Protected Material, including but not limited to any author, recipient, or custodian of the Protected Material or any individual currently employed by the Designating Party.

13

### 6.4    USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION FOR PTAB PROCEEDINGS

Upon consent of the Producing Party, Parties and attorneys with access to documents and testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that pertain to the validity of the patents (including, for example, documents and testimony related to secondary considerations) asserted in this Action, shall be permitted to submit such documents and testimony as evidence in post-grant proceedings before the Patent Trial and Appeal Board ("PTAB"), subject to the following restrictions:  (a) the Party submitting information as evidence before the PTAB shall follow all procedures before the PTAB to maintain the confidentiality of such information, pursuant to 37 C.F.R. §§ 42.14, 42.54, 42.55, and/or 42.56, as relevant; and (b) this provision shall not apply to documents marked HIGHLY CONFIDENTIAL – SOURCE CODE", and the Parties may not submit documents marked HIGHLY CONFIDENTIAL – SOURCE CODE" as evidence in post-grant proceedings before the PTAB.   A Producing Party shall not unreasonably withhold consent to other Party's use of documents in the PTAB that pertain to the validity of the patents.

### 7.    ACCESS BY EXPERTS

A Receiving Party that seeks to disclose Protected Material to an Expert shall provide the Producing Party with written notice that includes:

a.    the full name of the Expert and address of his or her primary residence and/or place of business;

b.    an up-to-date curriculum vitae, including a list of all current and former employers from the past ten (10) years and a list of all publications from the past ten (10) years; and

   c.  identification by name and number of the case and location of court, to the extent possible) any litigation in which the Expert offered expert testimony in the past five (5) years.

   The Designating Party shall have up to ten (10) business days after receipt of such written notice to object in writing to the Receiving Party's Outside Counsel.  The Designating Party may also request that this notice period be extended by up to three (3) additional business days for a legitimate purpose (i.e., not just to delay the identified Expert's access to Protected Material), and the Receiving Party shall not unreasonably withhold its agreement to this request.  A Receiving Party that makes a request and provides the information specified in the preceding paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the notice period.  Any objection by the Designating Party shall be for good cause and shall set forth in detail the grounds on which it is based.  If during the notice period the Designating Party serves such an objection, there shall be no disclosure of the Protected Material until the objection is resolved.

   If an objection is made, the Parties shall meet and confer within five (5) business days to attempt in good faith to resolve the dispute.  If the dispute is not resolved, the Designating Party will have ten (10) business days from the date of the meet and confer to initiate the dispute procedures pursuant to local rules and the scheduling order.  Any motion filed pursuant to this section shall describe the circumstances with specificity and set forth in detail the reasons why disclosure to the expert should not be made.

## 8. **SOURCE CODE**

 Nothing in this Order shall be construed as a representation or admission that source code is properly discoverable in this Action or obligate any Party to produce any source code.  To the

extent production of source code becomes necessary to the prosecution of claims or defenses in the Action, the following procedures shall apply to ensure secure access to source code:

      a.    A single electronic copy of source code or executable code shall be made available for inspection on a stand-alone computer. The source code shall be produced in native, electronic format as it is organized and kept in the ordinary course of business.

      b.    The stand-alone computer shall be password protected and supplied by the Producing Party.

      c.    The Producing Party shall make the source code computer available for inspection at the office of the Producing Party's Counsel during normal business hours (or at other mutually agreeable times or locations).

      d.    Access to the stand-alone computer shall be permitted, after notice to the Producing Party and an opportunity to object, to two (2) Outside Counsel representing the Receiving Party and two (2) experts retained by the Receiving Party who have been approved pursuant to Section 7.

      e.    The Producing Party shall provide a manifest of the contents of the source code computer.  This manifest, which shall be supplied in both printed and electronic form, shall list the name, location, directory path of every source code file on the computer.  The Producing Party shall also be required to supplement this manifest each time source code is added to the source code computer.

      f.    The stand-alone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities must provide the ability to (i) view, search, and line-number any source file, (ii) search for a

16

given pattern of text through a number of files, (iii) compare two files and display their differences, and (iv) compute the MD5 checksum of a file.

        g.    If the Court determines that the issue of missing files needs to be addressed, the source code provider shall include on the stand-alone computer the build scripts, compilers, assemblers, and other utilities necessary to rebuild the application from source code, along with instructions for their use.

        h.    During inspection, the Receiving Party shall not be permitted to photograph, copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

        i.    In the event that at or after an inspection of the Producing Party's source code the Receiving Party requests that the Producing Party print-out or copy a portion of its source code for production to the Receiving Party, and the Receiving Party does so pursuant to this Protective Order or as otherwise ordered by the Court, such print-out or copy may only be used by the Receiving Party for purposes of preparation for trial, court filings, discovery, depositions, or expert reports in this Action. But in no event, absent further order of the Court upon a showing of good cause by the Receiving Party, shall a Producing Party be required to print-out or copy more than 600 pages in total or 40 consecutive pages of its source code (printed on standard US 8 1/2" x 11" paper with 1" margins, double-spaced Times New Roman font).

        j.    If the Receiving Party's Outside Counsel or experts obtain printouts or photocopies of source code excerpts, by agreement of the Producing Party or order of the Court, the Receiving Party shall ensure that such Outside Counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such Outside Counsel, consultants, or expert.  The Receiving Party may also temporarily keep the printouts or

photocopies at: (i) the Court for any proceedings(s) relating to the source code excerpts, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the source code excerpts are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g*., a hotel prior to a Court proceeding or deposition).

k.      Unless otherwise agreed by the parties, the Producing Party is not allowed to make changes to the source code on the source code computer once it is made available for inspection.

l.      The source code inspections permitted under this Protective Order shall be for a reasonable period of time. If the Parties dispute the reasonableness of an inspection period, the Party objecting to the duration of an inspection may seek relief or instruction from the Court.

m.      Upon providing reasonable notice, the Receiving Party shall be permitted to request that the Producing Party make the source code computer available for demonstration during trial. For purposes of this provision, notice at least ten (10) business days in advance shall be considered reasonable.

## 9.    OTHER PROCEEDINGS

By entering this Protective Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated as confidential pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 10.    NON-PARTY MATERIALS

The provisions of this Protective Order are applicable to all materials produced by a Non-Party in this Action.  As such, the remedies and relief provided herein protect all materials produced by Non-Parties in this Action.  Nothing in this section, however, shall be construed as prohibiting a Non-Party from seeking additional protections.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party or a Producing Party learns that it has disclosed, inadvertently or otherwise, Protected Material to any person or in any circumstances not authorized under this Protective Order, such Party shall (a) immediately notify the Designating Party in writing of all the pertinent facts, (b) make every effort to prevent further unauthorized disclosure including retrieving all copies of the Protected Material from any recipients, (c) inform the recipients of all terms of this Protective Order, and (d) request that such recipients agree to be bound by this Protective Order by signing a copy of Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

Pursuant to Federal Rule of Evidence 502, the inadvertent production of any Disclosure or Discovery Material subject to attorney-client privilege, work-product immunity, or other privilege or immunity shall not waive any such privilege or immunity, provided that (a) the Producing Party took reasonable efforts to prescreen such Disclosure or Discovery Material prior to the inadvertent production, and (b) after the Producing Party becomes aware of the inadvertent production, the Producing Party promptly sends to each Receiving Party a written request for return of the inadvertently produced Disclosure or Discovery Material.

Within ten (10) business days of receiving such a request, a Receiving Party shall return to the Producing Party, or certify the destruction of, all Disclosure or Discovery Material identified by the Producing Party as being protected by a privilege or immunity and inadvertently

19

produced.  A Receiving Party shall not utilize or disseminate the information contained in the

inadvertently produced Disclosure or Discovery Material for any purpose, except for contesting

the claimed privilege or immunity.

   If the Receiving Party wishes to contest the claimed privilege or immunity, the Receiving

Party shall provide written notice thereof to the Producing Party.  The Receiving Party may

retain one (1) copy of each Disclosure or Discovery Material at issue, but any such retained

copies shall be sequestered and shall not be used for any purpose except to meet and confer with

the Producing Party regarding the claimed privilege or immunity and to present information to

the Court for a determination regarding the claimed privilege or immunity.

**13.   MISCELLANEOUS**

   **13.1   Right to Further Relief**

   Nothing in this Protective Order abridges the right of any Party or person to seek its

modification by the Court in the future.

   **13.2   Right to Assert Other Objections**

   By stipulating to this Protective Order, the Parties do not waive the right to argue that

certain Disclosure or Discovery Material may require additional or different protections than

those set forth herein.  Similarly, the Parties do not waive any right to object to another Party's

use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

   **13.3   Filing Under Seal**

   A Party seeking to file under seal any Protected Material must comply with D. Del. LR

5.1.3, CM/ECF Procedures.  Where reasonably practicable, only the portions of documents

containing Protected Material shall be filed under seal.

### 13.4     Prosecution of Intellectual Property

Absent written consent from the Producing Party, any individual who reviews or accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information of another Party shall not be directly involved in the prosecution of patents or patent applications directed to the Protected Materials of the other Party that the individual reviewed or accessed, not including information that is publicly available at the time of prosecution.  In addition, such individual shall not be involved in the prosecution of the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"), other than to (a) submit materials pursuant to 37 C.F.R. § 1.56, and (b) provide any required notices related to litigation, for the duration of this action (including any appeal(s)).  To avoid any doubt, "prosecution," as used in this paragraph, does not include representing a Party or Non-Party in opposition, *inter partes* review, or other post-grant proceedings before the United States Patent and Trademark Office or any foreign agency.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first reviewed or accessed by the affected individual and shall end two (2) years after final termination of this Litigation, including all appeals.

## 14.     <u>FINAL DISPOSITION</u>

Within ninety (90) days after the Final Disposition of this Action, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material.  As used in this section, "all Protected Material" includes copies, abstracts, compilations, summaries, and any other format that reproduces or captures any Protected Material.  Whether the Protected

Material is returned or destroyed, the Receiving Party shall submit a written certification to the Producing Party by the 90-day deadline confirming the return or destruction of all the Producing Party's Protected Material.

Notwithstanding this Section, Outside Counsel of a Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, communications, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 3.

To the extent that the duties imposed on a Receiving Party by this section conflict with the Receiving Party's obligations in another action, the Receiving Party may forgo returning and destroying Protected Material and shall seek guidance of this Court within a reasonable amount of time of becoming aware of the conflict.

*/s/ Christine D. Haynes*
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*

*/s/ Michael J. Flynn*
Michael J. Flynn (#5333)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19801
(302) 658-9200
mflynn@mnat.com

*Attorneys for Defendant*

SO ORDERED this ___ day of _____, 2020.

_____
The Honorable Richard G. Andrews
United States District Court Judge

22

EXHIBIT A

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ declare that:

1.      My present residential address is

_____;

2.      My current employer is _____;

3.      My current occupation is _____;

4.      I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on November __, 2020 in the case of *ICON Health & Fitness, Inc. v. Peloton Interactive, Inc.*, Civil Action No. 20-1386-RGA;

5.      I agree to comply with and be bound by all the provisions of the Protective Order;

6.      I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7.      I will not disclose any information that is subject to the Protective Order in any manner that is contrary to the provisions of the Protective Order; and

8.      I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of the Protective Order.

Signature: _____          Date: _____

23

EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PELOTON INTERACTIVE, INC., | |
| *Plaintiff*, | Civil Action No. 2:18-cv-00390-RWS-RSP |
| v. | |
| FLYWHEEL SPORTS, INC., | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

<u>**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**</u>

Plaintiff Peloton Interactive, Inc. and Defendant Flywheel Sports, Inc. jointly file this

Motion for Entry of Protective Order pursuant to the Court's January 16, 2019 Order Setting

Scheduling Conference (Dkt. 37).

The Parties have conferred and agreed upon all provisions of the Protective Order and

hereby jointly move that the Court approve and enter same, a copy of which is attached hereto for

the Court's entry.


Dated: February 28, 2019                    Respectfully submitted,

                                             */s/ Melissa R. Smith*
                                            _____
                                            Melissa R. Smith
                                            State Bar No. 24001351
                                            GILLAM & SMITH, LLP
                                            303 South Washington Avenue
                                            Marshall, Texas 75670
                                            Telephone:  (903) 934-8450
                                            Facsimile:  (903) 934-9257
                                            melissa@gillamsmithlaw.com

Steven N. Feldman (CA SBN 281405)
Douglas J. Dixon (CA SBN 275389)
Christina V. Rayburn (CA SBN 255467)
Xinlin L. Morrow (CA SBN 281707)
Jenna Williams (CA SBN 307975)
Neil Anderson (CA SBN 307668)
Karen Younkins (CA SBN 305070)
HUESTON HENNIGAN LLP
523 West Sixth Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-7272
Facsimile: (888) 775-0898
Email: sfeldman@hueston.com
ddixon@hueston.com
crayburn@hueston.com
xmorrow@hueston.com
jwilliams@hueston.com
nanderson@hueston.com
kyounkins@hueston.com

**ATTORNEYS FOR PLAINTIFF**

 */s/ Jeffrey S. Ginsberg*
Jeffrey S. Ginsberg (NY Bar No. 2608487)
David Cooperberg (NY Bar No. 4888020)
PATTERSON BELKNAPWEBB
&TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
jginsberg@pbwt.com
dcooperberg@pbwt.com

Deron Dacus (Texas Bar No.00790553)
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 28th day of February, 2019.


 */s/ Melissa R. Smith*
Melissa R. Smith

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| Peloton Interactive, Inc. | § | |
| | § | |
| v. | § | Case No. 2:18-CV-00390-RWS-RSP |
| | § | |
| Flywheel Sports, Inc. | § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Peloton Interactive, Inc. and Defendant Flywheel Sports, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not

1

already present on the cover page of the transcript when received from the court reporter)
by each attorney receiving a copy of the transcript after that attorney receives
notice  of  the designation of some or all of that transcript as "CONFIDENTIAL."

2.       Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this
Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only"
shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES
ONLY" under this Order, unless and until such document is redesignated to have a different
classification under this Order.

3.       With respect to documents, information or material designated "CONFIDENTIAL,
"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL
SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein
and unless otherwise stated, this Order governs, without limitation: (a) all documents,
electronically stored information, and/or things as defined by the Federal Rules of Civil
Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits
or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings
and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions,
extracts, digests and complete or partial summaries prepared from any DESIGNATED
MATERIALS shall also be considered DESIGNATED MATERIAL and treated as
such under this Order.

4.       A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED -
ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE")

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer
to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS'
EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and
collectively.

may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto

3

for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)    the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified

4

DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be

designated CONFIDENTIAL is so sensitive that its dissemination deserves even further

limitation, the producing Party may designate such Protected Material "RESTRICTED --

ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer

source code and/or live data (that is, data as it exists residing in a database or databases)

("Source Code Material"), the producing Party may designate such Protected Material as

"RESTRICTED CONFIDENTIAL SOURCE CODE."

9.     For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY,

access to, and disclosure of, such Protected Material shall be limited to individuals listed

in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel

pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive

decision making authority on behalf of the client.

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).   The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below.  Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code

5

Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated  as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied; upon printing or copying any such portions of Source Code Material, the printed or copied pages shall be provided to the producing Party

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

who shall prepare a copy of the pages and return the originally printed or copied pages to the receiving Party as soon as is practicable and in any case no more than four (4) hours after receiving them if received during normal business hours and by no later than noon the next business day if received after normal business hours.

(i)   Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)   If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated  RESTRICTED  --  ATTORNEYS'  EYES  ONLY  and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not (i)

prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent

application pertaining to the field of the invention of the patents-in-suit and/or (ii)

prepare, prosecute, supervise, or assist in the preparation or prosecution of any

amendment to any claim of the patents-in-suit or any related patent in connection with

any post issuance review proceeding (*e.g.*, any *inter partes* review proceeding  or post

grant review proceeding) before the United States Patent Office's Patent Trial and

Appeal Board ("PTAB") on behalf of the receiving Party or its acquirer, successor,

predecessor, or other affiliate during the pendency of this Action and for one year after its

conclusion, including any appeals.  To ensure compliance with the purpose of this

provision, each Party shall create an "Ethical Wall" between those persons with access to

HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its

acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in

the preparation or prosecution of any patent application pertaining to the field of invention

of the patent-in-suit and/or (ii) prepare, prosecute, supervise, or assist in the preparation

or prosecution of any amendment to any claim of the patents-in-suit or any related patent

in connection with any post issuance review proceeding (*e.g.*, any *inter partes* review

proceeding  or post grant review proceeding) before the PTAB  Notwithstanding any

other statement herein, (1) no one subject to the prosecution bar described in Section 11

of this Protective Order shall be prohibited from actively participating in an *inter partes*

or post-grant review proceeding before the PTAB to defend the patentability of the

claims in any of the patents-in-suit or any related patent, except that in those proceedings

any person subject to the prosecution bar described in Section 11 may not prepare,

prosecute, supervise, or assist in the preparation or prosecution of any amendment to any

8

claim of the patents-in-suit or any related patent; and (2) the prosecution bar described in Section 11 shall not come into effect until such time that any person who would be subject to the prosecution bar actually obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL.

12.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents,

information and material to protect against disclosure to any unauthorized persons or entities.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the

10

terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil

Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Appendix A.

20.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.   Within thirty (30) days of final termination of this Action, including any appeals,

all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the

13

proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

Peloton Interactive, Inc.                                §
                                                         §
    v.                                §          Case No. 2:18-CV-00390-RWS-RSP
                                                         §
Flywheel Sports, Inc.                                    §

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel

1

for the party by whom I am employed.

5.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _