IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-986 (CJB) |
| | ) | |
| OUR BODY ELECTRIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| NEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-987 (CJB) |
| | ) | |
| PELOTON INTERACTIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| NEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-988 (CJB) |
| | ) | |
| TONE IT UP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
REGARDING SOURCE CODE DISPUTE**

Dear Judge Burke:

Pursuant to the Court's April 13, 2023 Oral Order (C.A. No. 986, D.I. 51; C.A. 22-987, D.I. 49; C.A. No. 22-988, D.I. 53), Defendants Our Body Electric, Inc. ("OBE"), Peloton Interactive, Inc. ("Peloton"), and Tone It Up, Inc. ("Tone It Up") (collectively, "Defendants") respectfully submit this letter regarding the parties' disputes concerning the proposed supplemental protective order for source code. Defendants' proposed supplemental protective order for source code ("proposed protective order"), in which Defendants' proposals are highlighted, is attached herein as Appendix A.

Prior to submitting this dispute to the Court, the parties met and conferred numerous times regarding the scope of any source code inspection and the appropriate limitations relating to the physical production of source code. As illustrated in Appendix A, Defendants made numerous concessions to facilitate the inspection and use of source code in these matters. The agreed-upon provisions of the proposed protective order greatly expand upon the access provided under the Default Standard for Access to Source Code ("Default Standard"). Defendants respectfully submit that Plaintiff's desire for even greater flexibility is not a basis for granting its requests. To the extent the Court is so inclined, Defendants do not oppose entry of the Default Standard in lieu of resolving the three remaining disputes between the parties.

**Issue 1: A Receiving Party should be prohibited from using or possessing any recording device or memory device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disks, portable hard drives, cellular telephones, smartphones, and/or other mobile devices, including tables, computers, etc.) while accessing the computer containing Source Code Material. (App. A, ¶ 34(a))**

This dispute exists because Plaintiff wants its expert and outside counsel to be able to access and use their personal electronic devices while they are physically inspecting Defendants' source code. Although the Default Standard does not permit notetaking of any kind, Defendants have already agreed to permit persons inspecting their code to take handwritten notes while accessing the source code computer. App. A, ¶ 34(a). During the parties' meet and confer, Plaintiff failed to articulate any reason why: (1) handwritten notes are inadequate; and (2) access to their personal electronic devices during the inspection is necessary or warranted. The entire purpose of conducting an inspection on an air-gapped computer is to prevent the electronic exfiltration of Defendants' most secret and proprietary assets. Permitting individuals accessing the code to use their electronic devices creates an unnecessary risk to the security of Defendants' code. *See Inventor Holdings, LLC v. Wal-Mart Stores, Inc.*, C.A. No. 13-96-GMS, 2014 WL 4370320, at *3 (D. Del. Aug. 27, 2014) ("[H]aving already agreed to create a fairly impervious environment for its agents' access to the defendants' source code, [plaintiff] has already conceded that any device that could undermine that environment would jeopardize the integrity of the defendants' 'confidential, proprietary and/or trade secret' information…. Consequently, to the extent that the plaintiff's agents want to take notes, that exercise will not occur on a laptop computer but will have to be hand-written."). At Plaintiff's insistence, Defendants agreed to limit the personal supervision they have over the inspection so that Plaintiff's representatives may communicate with each other in secret during the inspection. *Id.*, ¶ 34(b). Defendants' concessions are more than adequate to accommodate Plaintiff's review and inspection of Defendants' code.

The Honorable Christopher J. Burke                                                                                         Page 2
April 20, 2023

### Issue 2: A Receiving Party may request no more than three (3) hard copy print-outs of specific lines, pages, or files of the Source Code Material. (App. A, ¶ 34(h))

Although the Default Standard prohibits printing or copying source code without agreement of the producing party or further order of the Court, Defendants agreed to provide Plaintiff with three (3) hard copy print-outs of specific lines, pages, or files of the source code material that are necessary to understand a relevant feature of an accused instrumentality. Dissatisfied with this concession, Plaintiff now asks the Court to require Defendants to produce five (5) hard copy print-outs. The Court should deny Plaintiff's request.

The agreed provisions of the proposed protective order allow Plaintiff to request access to a source code computer at any location in the United States where a Defendant's outside counsel of record maintains an office. App. A, ¶ 34(a). Plaintiff's counsel of record maintains offices in: (1) Wilmington; (2) New York City; (3) San Francisco; and (4) Austin, Texas. Importantly, Defendants' counsel of record also maintain offices in *three of these four locations* (Wilmington, New York City, and San Francisco).[1] The agreed provisions of the protective order also allow Plaintiff's outside counsel and experts to inspect the code whenever and for however long they desire. *Id.*, ¶¶ 34(c), (f). Additionally, as discussed above, the agreed provisions of the protective order allow anyone inspecting the code to take handwritten notes. *Id.*, ¶ 34(b). Finally, the agreed provisions of the proposed protective order allow Plaintiff's outside counsel and experts to include short electronic excerpts and images of source code necessary for court filings, expert reports, contentions, discovery responses, trial exhibits, demonstrative exhibits, and other similar documents (including drafts thereof). *Id.*, ¶¶ 34(k)-(l).

Collectively, these concessions are sufficiently flexible to permit Plaintiff's outside counsel and experts reasonable access to Defendants' source code for purposes of litigating these matters. Defendants' interest in limiting the number of physical copies of their highly sensitive source code strongly outweighs Plaintiff's interest in having looser restrictions that simply make it more convenient to review source code. *See e.g., Via Vadis Controlling GmbH v. Skype, Inc.*, C.A. No. 12-193-RGA, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013) ("Source codes are the most sensitive and confidential property of Respondents … extreme measures are ordered to protect their confidentiality."). The inconvenience and cost to review the code about which Plaintiff complains are significantly outweighed by Defendants' interest in preserving the security of its most valuable documents. *See, e.g., Tessera, Inc. et al v. Broadcom Corp.*, C.A. No. 16-380-LPS, Oral Order (D. Del. Nov. 7, 2016) (recognizing "enormous value of [defendant's] source code" and permitting only 1 hard copy); *TQ Beta, LLC v. DISH Network Corp.*, C.A. No. 14-848-LPS, D.I. 32, Oral Order (D. Del. Apr. 1, 2015) (adopting defendant's proposal to make all source code available at a single location in Houston and noting that the result is "a reasonable balance for protecting this highly valuable and sensitive information while providing Plaintiff access without an undue amount of travel"); *Data Engine Techs. LLC v. Google Inc.*, C.A. No. 14-1115-LPS, D.I. 33, Oral Order (D. Del. Apr. 8, 2015) (noting that "Defendant's source code is entitled to stringent protection"); *STC.UNM v. Intel Corp.*, C.A. No. 10-1077-RB-WDS, D.I. 171 (D.N.M. Jan. 6, 2012).

---

[1] Counsel of record for OBE also maintains an office in the fourth location, Austin, Texas. Counsel of record for Peloton maintains offices in Houston and Dallas, but not Austin, Texas.

The Honorable Christopher J. Burke  Page 3
April 20, 2023

That Plaintiff's outside counsel are located in multiple different offices across the country is of no moment because they have not articulated a pressing need for source code at each of those offices, and they could access an inspection machine at three of those four locations in any event. Three (3) hard copy print-outs of Defendants' code is more than sufficient to allow Plaintiff to prosecute these matters.

**Issue 3:** **A Receiving Party must secure the three (3) hard copy print-outs of Source Code Material in a secured locked area in the offices of the Receiving Party's Outside Counsel. (App. A, ¶ 34(j))**

Plaintiff asks the Court to provide it with *carte blanche* permission to maintain Defendants' highly confidential and extremely sensitive source code information in the offices of as-yet undisclosed outside experts and consultants. The Court should deny Plaintiff's request. The convenience of Plaintiff's unidentified experts is insufficient to overcome Defendants' interest in protecting the security of one of their most valuable assets—their source code.

Defendants agreed to permit Plaintiff to maintain printed copies of source code at the offices of their outside counsel because lawyers owe a fiduciary duty to their clients to protect and secure their most secret and privileged information and the offices of Plaintiff's outside counsel are presumably sufficiently secure to comply with that duty. Defendants have no insight into the location where Plaintiff's undisclosed experts might maintain Defendants' source code. Because "[t]he source code can be made available at multiple places of Plaintiff's choosing, and print-outs can be kept at the office of Plaintiff's counsel[,]" the Court should deny Plaintiff's request and require Plaintiff's to maintain Defendants' source code in a secured locked area of the offices of Plaintiff's outside counsel of record. *Infinite Data LLC v. Intel Corp.*, C.A. No. 14-391-RGA, D.I. 29 (D. Del. Aug. 8, 2014) (denying plaintiff's request to permit its expert to maintain copies of source code at the offices of the expert and ordering that printed copies of source code must be maintained at the offices of counsel of record).

For the foregoing reasons, Defendants request that the Court adopt their positions for each of the disputed positions in the proposed Supplemental Protective Order for Source Code (App. A, ¶¶ 34(a), (h), and (j)).

|  |  |
|---|---|
| OF COUNSEL:<br><br>Steven G. Schortgen<br>Jennifer Klein Ayers<br>SHEPPARD MULLIN<br>2200 Ross Avenue<br>20th Floor<br>Dallas, TX 75201<br>(469) 391-7400 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Michael J. Flynn*<br><br>Karen Jacobs (#2881)<br>Michael J. Flynn (#5333)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>kjacobs@morrisnichols.com<br>mflynn@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Defendant*<br>*Peloton Interactive, Inc.* |
| OF COUNSEL:<br><br>Gary Abelev<br>Armin Ghiam<br>HUNTON ANDREWS KURTH LLP<br>200 Park Avenue, 52nd Floor<br>New York, NY 10166<br>(212) 309-1000<br><br>Michael A. Oakes<br>Steven L. Wood<br>HUNTON ANDREWS KURTH LLP<br>2200 Pennsylvania Avenue NW<br>Washington, DC 20037<br>(202) 955-1500 | POTTER ANDERSON & CORROON, LLP<br><br>*/s/ Andrew L. Brown*<br><br>David Ellis Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Brandon R. Harper (#6418)<br>Andrew L. Brown (#6766)<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>bharper@potteranderson.com<br>abrown@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Our Body Electric, Inc.* |

|  |  |
|---|---|
| OF COUNSEL:<br><br>Erica J. Van Loon<br>Joshua J. Pollack<br>NIXON PEABODY LLP<br>300 South Grand Avenue, Suite 4100<br>Los Angeles, CA 90071<br>(213) 629-6000<br><br>April 20, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Pilar G. Kraman*<br><br>Pilar G. Kraman (#5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>pkraman@ycst.com<br><br>*Attorneys for Defendant*<br>*Tone It Up, Inc.* |