# ATTACHMENT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **NEC Corporation,**  Plaintiff,  v.  **Our Body Electric, Inc.**  Defendant. | Civil Action No. 22-cv-986-CJB |
| **NEC Corporation,**  Plaintiff,  v.  **Peloton Interactive, Inc.,**  Defendant. | Civil Action No. 22-cv-987-CJB |
| **NEC Corporation,**  Plaintiff,  v.  **Tone It Up, Inc.,**  Defendant. | Civil Action No. 22-cv-988-CJB |

**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER FOR SOURCE CODE**

WHEREAS, the parties to the above captioned actions (the "Litigation" or "case") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of source code;

WHEREAS, the Parties seek a supplemental protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

1

THEREFORE, it is hereby stipulated among the Parties and ORDERED that the Stipulated Protective Order entered on March 30, 2023 (C.A. No. 22-986, D.I. 46; C.A. No. 22-987, D.I. 45; C.A. No. 22-988, D.I. 48) be amended to add the following provisions related to source code:

34. In addition to the foregoing protections provided for in the protective order entered on March 30, 2023 regarding DESIGNATED MATERIAL, Source Code Material shall be provided with the following additional protections:

(a) Access to Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, a Wireless Network, the Internet, or a printer) at a domestic office of outside counsel of record for the Producing Party. The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code Material. *[Plaintiff's Position: The receiving party may take notes on a laptop or other personal electronic device, and such notes are treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE.].*

*[Defendants' Position: Additionally, use or possession of any recording device or memory device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, cellular telephone, smartphone, and/or other mobile devices, including tablets, computers, etc.) is prohibited while*

*accessing the computer containing Source Code Material]*. The Receiving Party may take handwritten notes provided however that the Receiving Party may not copy any portion of the Source Code Material into the notes. For the avoidance of doubt, the copying of variable, function, and routine names and descriptions or explanation of the functionality of variables, functions and routines in notes are not considered a copy of any portion of the source code for the purposes of this paragraph. Any handwritten notes must be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE.

(b)  The Producing Party may exercise personal supervision from outside the review room over the Receiving Party's representative during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. To facilitate the supervision of the inspection, the Producing Party shall make a good faith effort to produce the stand alone computer in a room that permits personal supervision with the door to the inspection room closed (*e.g.,* in a room that has glass windows and/or doors). In the event production of the inspection machine cannot be made in a room that permits personal supervision with the door to the inspection room closed, the Parties agree that the inspection shall take place with the door opened. Any supervision of the inspection, however, shall not entail review of any work

3

|     | |
| --- | --- |
|     | generated by the Receiving Party, e.g., monitoring the screens of the stand-alone computers, monitoring any surface reflecting any notes of the receiving party, or monitoring the keystrokes of the Receiving Party.  Such supervision shall not be conducted in a manner that unreasonably prevents any communication among the Receiving Party's team. The Producing Party may not videotape the activities of the Receiving Party's representatives during any source code review; |
| (c) | The Producing Party's outside counsel shall make reasonable efforts to accommodate the Receiving Party's requests for review. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time where the stand-alone computer is located; provided that the Receiving Party shall provide at least five (5) business days' notice prior to the first request for access, and at least two (2) business days' notice for each subsequent request unless the parties agree to a shorter period of time. However, if a review of the Source Code Material is taking place and the Receiving Party requests the review continue to take place on the subsequent business day, the Producing Party agrees to make reasonable efforts to make the stand-alone computer available; and upon reasonable notice from the Receiving Party, the Producing |

4

|     |     |
| --- | --- |
|     | Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the standalone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that the Producing Party shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action; |
| (d) | The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). At the request of the Receiving Party, the Producing Party shall install commercially available software tools sufficient for viewing and searching Source Code Material on the stand-alone computer containing Source Code Material. The Receiving Party should provide the Producing Party with the identification of the commercially available software tools it desires to use to view, search, and analyze the Source Code Material provided, however, that such software tools meet the requirements of this paragraph and appropriate licensed copies of the software tools and installation materials must be provided by the Receiving Party, at the Receiving Party's cost, to the Producing Party. The Producing Party shall install the software tools on the stand-along computer(s) by the requested date and time of inspection. To that end, the Receiving Party must identify and |

5

|     | provide to the Producing Party such software tool(s) (along with appropriate licenses permitting their use) at least five (5) days in advance of the installation, and consent to have such software tools shall not be unreasonably withheld; |
|-----|---|
| (e) | The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above; |
| (f) | Access to the standalone computer on which Source Code Material is produced shall be limited to outside counsel of record and outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to the provisions described above. Additionally, the Producing Party shall, on request, make a searchable electronic copy of the Source Code Material available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The stand-alone computer shall include the same Source Code made available for inspection pursuant to paragraph 34(a) in the same format and organization as provided on the review computer(s). The Receiving Party shall make such request five (5) business days before the deposition. Any deposition requiring a stand-alone computer of Source Code Material shall |

|     | ordinarily take place at the offices of outside counsel for the Producing Party, unless otherwise agreed by the parties; |
|-----|---|
| (g) | The Designating Party shall include on the stand-alone computer a list of all files available for review on the stand-alone computer; |
| (h) | *[Plaintiff's Position: The Receiving Party shall be entitled to request five (5) hard copy printouts of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality.]* <br><br> *[Defendants' Position: The Receiving Party shall be entitled to request three (3) hard copy printouts of the specific lines, pages, or files of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused instrumentality.]* In the event that the Receiving Party requests more than 40 consecutive pages or an aggregate of more than 600 pages of printed source code from a Designating Party, and the Designating Party objects based on the volume of materials requested, the parties shall meet and confer in good faith as soon as possible, and in no event later than five (5) business days after such request by the Receiving Party. The Producing Party will provide the Receiving Party written notice of any such objection and a reasonable description of the basis for such objection within this five (5) business day period. If, after |

7

meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of the dispute within five (5) business days of the conclusion of the meet and confer process. The parties shall apply to the Court for relief in accordance with the Court's procedures.  The Receiving Party shall be also permitted to request printouts of folder structures containing the Source Code Material, including the filenames contained therein. Such printouts shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE under this Protective Order and shall count toward the aforementioned page limits. To request the hard copy print out contemplated in this Paragraph, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting using the software[1] available on the stand-alone computer, and save them in a folder on the desktop of the stand-alone computer named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information, including the full file path and file name, page number, and/or line numbers such that the Designating Party may identify where the source code is located in the original production. The Receiving Party shall request printouts of only such portions of

---

[1] The Designating Party shall ensure the software is sufficient to create the production contemplated in this paragraph.

source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Receiving Party shall not request printouts in order to review blocks of Source Code elsewhere in the first instance, *i.e.,* as an alternative to reviewing Source Code electronically on the standalone computers;

(i) The Receiving Party shall be permitted to make four (4) additional copies of printed Source Code Material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" for use at a deposition. If source code is marked as an exhibit and the deponent is presented by the Plaintiff, then each Party shall be entitled to retain one physical copy of the source code exhibit. If source code is marked as an exhibit and the deponent is presented by a Defendant, then Plaintiff and the presenting Defendant shall each be entitled to retain one physical copy of the source code exhibit. If the source code is marked as an exhibit and the deponent is presented by a Third Party, then the Third Party and any Party attending the deposition shall be entitled to retain one physical copy of the source code exhibit. All physical copies of source code exhibits marked and retained under this paragraph of the Protective Order must be maintained in a secured locked area in the offices of outside counsel. For the avoidance of all doubt, the hard copy of any source code marked as an exhibit during a deposition shall not be retained by the

|     |     |
| --- | --- |
|     | court reporter. The Producing Party shall retain a copy of the printouts provided to the Receiving Party; |
| (j) | *[Plaintiff's Position: If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts].* *[Defendants' Position: If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, such outside counsel, consultants, or experts shall keep the printouts or photocopies in a secured locked area in the offices of such outside counsel].* The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); |
| (k) | The Receiving Party may make and use short electronic excerpts and images of the source code if necessary for court filings, expert reports, contentions, discovery responses, trial exhibits, |

|     | |
| --- | --- |
|     | demonstrative exhibits and other similar documents (including drafts thereof). The Receiving Party must at all times password protect any such electronic copies with a password comprising at least ten characters which include at least the following: a lower case letter, a capital letter, a number, and a special character. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE;" |
| (l) | Any document containing "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" must have the source code redacted prior to filing it electronically using the Court's CM/ECF system. Unredacted versions of documents containing "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" shall be submitted to the Court pursuant to the Court's procedures for courtesy copies; |
| (m) | Except as provided in Paragraphs 34(k)-34(l) above of this Protective Order, the Receiving Party shall not make any electronic copies of the electronic source code (e.g., Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner—including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code). The Receiving Party may electronically |

transmit the password protected documents referenced in Paragraphs 34(k)-34(l) (including, but not limited to, claim charts, expert reports, interrogatories, responses to interrogatories, requests for admission, and responses to requests for admission and pleadings) to: Experts and Outside Counsel of Record. Any such electronic transmission must be encrypted. Except as permitted herein, unless agreed in advance by the parties in writing, images or electronic copies of source code shall not be included in correspondence (references to production numbers shall be used instead);

(n) Except as set forth above, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party;

(o) The Producing Party may not configure its Source Code Material or the standalone computer(s) in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (e.g., key logging, video capture, etc.);

(p) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 34(h)-34(j) above to another person authorized under Paragraph 34(h)-34(j) above. Except as specifically set forth above, Source Code Material may not be transported or transmitted

        electronically over a network of any kind, including a LAN, an intranet, a wireless network, or the Internet. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual; and

(q)     The Parties shall not provide the court reporter with copies of Source Code Material that are marked as deposition exhibits and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

_____, 2023

INSERT SIGNATURE BLOCKS

SO ORDERED this \_\_ day of \_\_\_\_, 2023.

                                            HONORABLE CHRISTOPHER J. BURKE
                                            UNITED STATES MAGISTRATE JUDGE